IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| STATE OF TEXAS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:18-cv-3368 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF HOUSTON, TEXAS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

The United States of America ("United States"), by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), and the State of Texas ("Texas"), by the authority of the Attorney General of Texas and through its undersigned counsel, acting at the request of the Texas Commission on Environmental Quality ("TCEQ"), jointly file this Complaint and allege as follows:

## NATURE OF ACTION

1.      This is a civil action for injunctive relief, civil penalties, and attorney's fees brought under Section 309(b) and (d) of the Clean Water Act ("CWA" or "Act"), 33 U.S.C. §§ 1319 (b) and (d), and under Sections 7.032, 7.101, 7.105 and 7.108 of the Texas Water Code, against Defendant, the City of Houston, Texas ("Houston" or the "City") for: (1) unpermitted and illegal discharges of pollutants in violation of Section 301(a) of the CWA, 33 U.S.C.

§ 1311(a) and Section 26.121(a)(1) of the Texas Water Code and (2) failure to comply with the terms and conditions of Texas Pollutant Discharge Elimination System permits ("TPDES permits") issued to Houston in violation of Section 7.101 of the Texas Water Code.

2.      Texas has joined this action as a plaintiff, thereby satisfying the requirement of Section 309(e) of the CWA, 33 U.S.C. 1319(e).

## JURISDICTION, VENUE, AUTHORITY, AND NOTICE TO THE STATE

3.      The Court has subject matter jurisdiction over this action pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and under 28 U.S.C. §§ 1331, 1345 and 1355.

4.      The Court has supplemental jurisdiction over the Texas state law claims alleged herein pursuant to 28 U.S.C. § 1367(a), because the Texas claims are related to the federal claims and form part of the same case or controversy.

5.      The Court has personal jurisdiction over the City and venue is proper in the Southern District of Texas pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) and 1395(a), because this is the judicial district where the City is located and where the alleged violations occurred.

6.      The Attorney General of the United States is authorized to appear and represent the United States in this action pursuant to Section 506 of the CWA, 33 U.S.C. § 1366, and 28 U.S.C. §§ 516 and 519.

7.      The Texas Attorney General has authority to bring this action on behalf of TCEQ in accordance with Section 7.105 of the Texas Water Code.

8.      As a signatory to this Complaint, Texas has actual notice of the commencement of this action in accordance with Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

## PARTIES

9.     The United States is acting at the request and on behalf of the EPA Administrator.

10.     Texas is acting at the request and on behalf of TCEQ and is a party in this action in accordance with Section 309(e) of the CWA, 33 U.S.C. § 1319(e).

11.     Houston is a city and a political subdivision of Texas, created pursuant to the laws of Texas.

12.     Houston is a "municipality" within the meaning of Section 502(4) of the CWA, 33 U.S.C. § 1362(4).

13.     Houston is a "person" as defined in Section 502(5) of the CWA, 33 U.S.C. § 1362(5), the regulations promulgated thereunder at 40 C.F.R. § 122.2, and as defined by Section 26.001(25) of the Texas Water Code.

## STATUTORY BACKGROUND

### A.     Clean Water Act and Texas Water Code

14.     The CWA is a comprehensive statute designed "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters."  33 U.S.C. § 1251(a).

15.     Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant by any person to waters of the United States except in compliance with that section, and, where applicable, a national pollutant discharge elimination system ("NPDES") permit issued by EPA or an authorized state pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

16.     The Texas Water Code provides that no person may discharge sewage, municipal waste, recreational waste, agricultural waste, or industrial waste into or adjacent to any water in the state, except as authorized by TCEQ.  Texas Water Code § 26.121(a)(1).

17.     Section 502(12) of the CWA, 33 U.S.C. § 1362(12), defines the term "discharge of pollutants" as any addition of any pollutant to navigable waters from any point source.

18.     Section 502(6) of the CWA, 33 U.S.C. § 1362(6), defines the term "pollutant" to include sewage, sewage sludge, biological materials, and municipal waste.

19.     Pursuant to Section 26.001(13) of the Texas Water Code, the term "pollutant" includes sewage.

20.     Section 502(14) of the CWA, 33 U.S.C. § 1362(14), defines the term "point source" as any discernable, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, or conduit from which pollutants are or may be discharged.

21.     Section 502(7) of the CWA, 33 U.S.C. § 1362(7), defines the term "navigable waters" as the waters of the United States, including the territorial seas.

22.     Pursuant to Section 26.001(5) of the Texas Water Code, water in the state includes groundwater, percolating or otherwise, lakes, bays, ponds, impounding reservoirs, springs, rivers, streams, creeks, estuaries, wetlands, marshes, inlets, canals, the Gulf of Mexico, inside the territorial limits of the state, and all other bodies of surface water, natural or artificial, inland or coastal, fresh or salt, navigable or non-navigable, and including the beds and banks of all watercourses and bodies of surface water, that are wholly or partially inside or bordering the state or inside the jurisdiction of the state.

23.     Section 212 of the CWA, 33 U.S.C. § 1292, defines "treatment works" as "any devices and systems used in the storage, treatment, recycling and reclamation of municipal sewage or industrial wastes of a liquid nature to implement section 1281 [§ 201 of the CWA] . . . including intercepting sewers, outfall sewers, sewage collection systems, pumping, power, and other equipment, and their appurtenances."

24.     EPA regulations at 40 C.F.R. § 403.3(q), define "publically owned treatment works" or "POTW" as a "treatment works as defined by section 212 of the [CWA], which is owned by a State or municipality (as defined by section 502(4) of the Act)."

**B.      Federally Issued NPDES and Texas Issued TPDES Permits**

25.     Section 402 of the CWA, 33 U.S.C. § 1342, provides that the permit-issuing authority may issue an NPDES permit (or State equivalent) authorizing the discharge of pollutants, upon condition that such discharge will meet all applicable requirements under specified sections of the Act or such conditions that the Administrator determines are necessary to carry out the provisions of the Act, and subject to other conditions that the Administrator deems appropriate to assure compliance with those requirements.

26.     Under Section 402(b) of the CWA, 33 U.S.C. § 1342(b), EPA may approve a state to administer its own permit program.  Pursuant to Section 402(b), Texas was granted NPDES permitting authority within the jurisdictional boundaries of Texas on September 14, 1998.  Accordingly, by and through TCEQ, Texas issues TPDES permits authorizing the discharge of waste or pollutants into or adjacent to water in the state, pursuant to Section 26.027 of the Texas Water Code.

**C.      Enforcement Authorities of the United States and Texas**

27.     Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes the EPA Administrator to commence a civil action for appropriate relief, including a permanent or temporary injunction, when any person is in violation of Section 301 of the CWA, 33 U.S.C. § 1311, or a permit condition or limitation in a permit issued by a state under Section 402 of the CWA, 33 U.S.C. § 1342.

28.     Pursuant to Section 5.230 of the Texas Water Code, the executive director of TCEQ may enforce, among other things, the terms and conditions of any permit, order, standard or rule by injunction or other appropriate remedy in a court of competent jurisdiction.  Pursuant to Section 7.002 of the Texas Water Code, TCEQ may institute legal proceedings to compel compliance with the relevant provisions of the Texas Water Code, rules, orders, permits or other decisions of TCEQ.  Pursuant to Sections 7.032 and 7.105 of the Texas Water Code, at the request of TCEQ, the Texas Attorney General shall institute a suit for injunctive relief and/or civil penalties if it appears that a violation or a threat of a violation of a statute within TCEQ jurisdiction, or a rule adopted or an order or a permit issued under such statute, has occurred or is about to occur.

29.     Section 309(d) of the CWA, 33 U.S.C. § 1319(d), provides that any person who violates Section 301 of the CWA, 33 U.S.C. § 1311, or violates a permit condition or limitation in a permit issued by a state under Section 402 of the CWA, 33 U.S.C. § 1342, shall be liable for civil penalties.  Adjusted for inflation, civil penalties of up to $32,500 per day may be assessed for each violation which takes place after March 15, 2004, up to $37,500 per day for each violation which takes place after January 12, 2009, and up to $53,484 per day for each violation which takes place after November 2, 2015.  40 C.F.R. § 19.4 (including amendments to that regulation that were promulgated at 83 Fed. Reg. 1190 (Jan. 10, 2018) and became effective January 15, 2018).

30.     Section 7.101 of the Texas Water Code states that no person may cause, suffer, allow, or permit any violation of a statute within TCEQ jurisdiction or a rule adopted or an order or permit issued under such statute.  Pursuant to Section 7.102 of the Texas Water Code, any person who causes, suffers, allows, or permits a violation of a statute, rule, order, or permit shall

be assessed for each violation a civil penalty not less than $50 nor greater than $25,000 for each

day of each violation as the court or jury considers proper.  Section 7.102 of the Texas Water

Code further specifies that each day of a continuing violation is a separate violation. Section

7.108 of the Texas Water Code authorizes Texas to recover its reasonable attorney's fees, court

costs, and reasonable investigative costs if it prevails in a suit under Chapter 7, Subchapter D

(Sections 7.101 – 7.111) of the Texas Water Code.

## GENERAL ALLEGATIONS

### A.    Houston's Publicly Owned Wastewater Treatment Works

31.     At all times relevant to this Complaint, Houston has owned and operated a

"treatment works" within the meaning of Section 212 of the CWA, 33 U.S.C. § 1292, and a

"POTW" within the meaning of 40 C.F.R. § 403.3(q) (the "Houston POTW").

32.     At all times relevant to this Complaint, the Houston POTW has included at least

40 wastewater treatment plants ("WWTPs") and their associated wastewater collection systems.

33.     Houston's numerous WWTPs (collectively referred to as the "Houston WWTPs")

and their associated wastewater collection systems comprise the Houston POTW.

34.     Each WWTP is a wastewater treatment system used to store, treat, recycle, and

reclaim municipal sewage or industrial wastes of a liquid nature.

35.     Each WWTP is fed by an extensive collection system designed to convey

wastewater, including untreated sewage and other pollutants, from the City's wastewater

customers through pipes, channels, tunnels, or other conduits to its corresponding WWTP for

treatment.  The collection systems for the WWTPs or the system-wide collection system includes

approximately 6,000 miles of sewer mains, 400 lift stations, and other appurtenances.

36.     Collectively, the collection systems associated with each WWTP will be referred to as the "Wastewater Collection and Transmission System" or "Houston WCTS."

37.     Pursuant to Section 402(a) of the CWA, 33 U.S.C. § 1342(a), and Section 26.027 of the Texas Water Code, TCEQ, or its predecessor, the Texas Natural Resources Conservation Commission, issued the City a TPDES permit for each of the City's WWTPs and associated wastewater collection systems (collectively the "Houston TPDES Permits").

38.     The Houston TPDES Permits issued and renewed for the Houston WWTPs are similar in format and content.  Each permit includes among other information: a TPDES number, name and location of the WWTP, one or more outfalls from which the authorized discharge shall occur, receiving waters to which the authorized discharge flows, and the permit issuance (or modification) and expiration dates.

**B.     Houston Wastewater Treatment Plants and TPDES Permits**

39.     During the period relevant to this Complaint, each of Houston's WWTPs and its associated collection system operated under a TPDES permit.  Each permit after initial issuance was at various times renewed or modified (collectively, "renewed"), administratively extended, or terminated.

(1)     The Almeda Sims WWTP is operated pursuant to TPDES permit TX0034924.  The permit was issued on August 19, 2004, and expired on September 1, 2007; renewed on August 28, 2008, and expired on September 1, 2012.   This permit is currently administratively extended.

(2)     The Beltway WWTP is operated pursuant to TPDES permit TX0065307. The permit was issued on August 19, 2004, and expired on September 1, 2007; renewed on September 5, 2007, and expired on September 1, 2012; renewed on October 26, 2012, and

expired on September 1, 2017; renewed on December 21, 2017, and will expire on September 1, 2022.

   (3) The Cedar Bayou WWTP is operated pursuant to TPDES permit TX0103667.  The permit was issued on October 7, 2003, and expired on August 1, 2008; renewed on March 9, 2007, and expired on August 1, 2010; renewed on November 22, 2010, and expired on August 1, 2013; renewed on December 13, 2017, and will expire on August 1, 2022.

   (4) The Chocolate Bayou WWTP is operated pursuant to TPDES permit TX0063061.  The permit was issued on August 19, 2004, and expired September 1, 2007; renewed September 5, 2007, and expired on September 1, 2012; renewed on April 24, 2015, and expired on September 1, 2017; renewed on December 21, 2017, and will expire on September 1, 2022.

   (5) The Clinton Park WWTP is operated pursuant TPDES permit TX0035106. The permit was issued on August 19, 2004, and expired on September 1, 2007; renewed on November 8, 2007, and expired on September 1, 2012; renewed on March 7, 2014, and expired on September 1, 2017; renewed on December 20, 2017, and will expire on December 20, 2020.

   (6) The Easthaven WWTP is operated pursuant to TPDES permit TX0034886.  The permit was issued on September 1, 2004, and expired on December 28, 2005; renewed on December 29, 2005, and expired on September 1, 2009; renewed on September 25, 2009, and expired on September 1, 2012; renewed on September 26, 2012, and expired September 1, 2017; renewed on November 2, 2017, and will expire on September 1, 2022.

   (7) The Forest Cove WWTP is operated pursuant to TPDES permit TX0115924.  The permit was issued on October 31, 2003, and expired on July 1, 2008; renewed on June 26, 2007, and expired on July 1, 2008; renewed on August 5, 2008, and expired on July

1, 2013; renewed on July 8, 2013, and expired on July 1, 2018.  This permit is currently administratively extended.

(8)     Fresh Water Supply District No. 23 ("F.W.S.D. # 23") is operated pursuant to TPDES permit TX0063053.  The permit was issued on December 27, 1999, and expired on May 1, 2003.  This permit is currently administratively extended.

(9)     The Green Ridge WWTP is operated pursuant to TPDES permit TX0026433.  The permit was issued on July 21, 2005, and expired September 1, 2007; renewed on February 8, 2007, and expired on September 1, 2007; renewed on September 5, 2007, and expired on September 1, 2012; renewed on September 20, 2012, and expired on September 1, 2017; renewed on December 21, 2017, and will expire on September 1, 2022.

(10)    The Harris County MUD # 203 ("HC MUD #203") is operated pursuant to TPDES permit TX0084875. The permit was issued on August 19, 2004, and expired on December 1, 2007; renewed on July 24, 2007, and expired on December 1, 2007; renewed on August 19, 2008, and expired on December 1, 2012; renewed on November 8, 2013, and expired on December 1, 2017; renewed on January 31, 2018, and will expire on December 1, 2022.

(11)    The Homestead WWTP is operated pursuant to TPDES permit TX0063029.  The permit was issued on August 19, 2004, and expired on September 1, 2007; renewed on May 29, 2013, and expired on September 1, 2017; renewed on October 17, 2017, and will expire on September 1, 2022.

(12)    The Imperial Valley WWTP is operated pursuant to TPDES permit TX0020478.  The permit was issued on January 28, 2003, and expired on December 1, 2007; renewed on July 19, 2007, and expired on December 1, 2007; renewed on August 19, 2008, and

expired on December 1, 2012; renewed on December 13, 2012, and expired on December 1, 2017; renewed on March 26, 2018, and will expire December 1, 2022.

(13)     The Intercontinental Airport WWTP is operated pursuant to TPDES permit TX0034916.  The permit was issued on August 19, 2004, and expired on December 1, 2007; renewed on August 15, 2008, and expired on December 1, 2012; renewed on December 20, 2012, and expired on December 1, 2017; renewed on January 30, 2018, and will expire on December 1, 2022.

(14)     The Keegans Bayou WWTP is operated pursuant to TPDES permit TX0098191.  The permit was issued on August 19, 2004, and expired on September 1, 2007; renewed August 19, 2008, and expired on September 1, 2012; renewed on September 14, 2012, and expired on September 1, 2017; renewed on December 21, 2017, and will expire on December 21, 2020.

(15)     The Kingwood Central WWTP is operated pursuant to TPDES permit TX0066583.  The permit was issued on May 27, 2004, and expired on January 1, 2008; renewed on August 31, 2007, and expired on July 1, 2010; renewed on November 15, 2011, and expired on July 1, 2014; renewed on December 3, 2014, and expired July 1, 2018.  This permit is currently administratively extended.

(16)     The Kingwood West WWTP (also known as Municipal Utility District #48) is operated pursuant to TPDES permit TX0088501.  The permit was issued on June 22, 2005, and expired on June 1, 2010; renewed on September 2, 2008, and expired on July 1, 2013; renewed on July 31, 2013, and expired on July 1, 2018.  This permit is currently administratively extended.

11

(17)     The Metro Central WWTP is operated pursuant to TPDES permit TX0069736.  The permit was issued on October 9, 2003, and expired on September 1, 2008; renewed on September 15, 2016, and will expire on September 1, 2019.

(18)     The Northbelt WWTP is operated pursuant to TPDES permit TX0103721.  The permit was issued on August 19, 2004, and expired on December 1, 2007; renewed on August 20, 2008, and expired on December 1, 2012; renewed on December 13, 2012, and expired on December 1, 2017; renewed on February 15, 2018, and will expire on December 1, 2022.

(19)     The Northeast WWTP is operated pursuant to TPDES permit TX0063037. The permit was issued on August 19, 2004, and expired on May 1, 2008; renewed on August 14, 2007, and expired on January 1, 2012; renewed on January 10, 2012, and expired on May 1, 2015; renewed on September 4, 2015, and expired on May 1, 2018; renewed on July 31, 2018, and will expire on July 31, 2023.

(20)     The Northgate WWTP is operated pursuant to TPDES permit TX0055310. The permit was issued on December 16, 2002, and expired on December 1, 2007; renewed on August 21, 2008, and expired on December 1, 2012; renewed on October 4, 2013, and expired on December 1, 2017; renewed on May 25, 2018, and will expire on May 25, 2023.

(21)     The Northwest WWTP is operated pursuant to TPDES permit TX0063011.  The permit was issued on June 10, 2005, and expired on March 1, 2006; renewed on August 7, 2006, and expired on March 1, 2010; renewed on July 27, 2010, and expired on March 14, 2014; renewed on April 30, 2014, and expired on March 1, 2017; renewed on June 9, 2017, and will expire on June 9, 2020.

(22)    The Park Ten MUD WWTP is operated pursuant to TPDES permit TX0026395. The permit was issued on August 5, 2003, and expired on May 1, 2007; renewed on August 19, 2008, and expired on May 1, 2012; renewed on May 11, 2012, and expired on May 1, 2017; renewed on September 28, 2017, and will expire on May 1, 2022.

(23)    The Sagemont WWTP is operated pursuant TPDES permit TX0063070. The permit was issued on July 13, 2004, and expired on September 1, 2008; renewed on November 25, 2008, and expired on September 1, 2013; renewed on November 7, 2014, and expired on September 1, 2018.  A permit renewal application was submitted on February 21, 2018.  This permit is currently administratively extended.

(24)    The Sims Bayou South WWTP is operated pursuant to TPDES permit TX0105058.  The permit was issued on April 11, 1995, and expired on May 1, 2000.  This permit is currently administratively extended.

(25)    The Sims Bayou North WWTP is operated pursuant to TPDES permit TX0062201.  The permit was issued on January 2, 1998, and expired on May 31, 2000.  This permit is currently administratively extended.

(26)    The 69th Street WWTP is operated pursuant to TPDES permit TX0096172.  The permit was issued on February 27, 2001, and expired on September 1, 2002.  This permit is currently administratively extended.

(27)    The Southeast WWTP is operated pursuant to TPDES permit TX0035009. The permit was issued on February 18, 2003, and expired on September 1, 2005; renewed on October 10, 2005, and expired on September 1, 2009; renewed on December 29, 2011, and expired on September 1, 2015; renewed on December 12, 2016, and will expire on December 12, 2019.

(28)     The Southwest WWTP is operated pursuant to TPDES permit
TX0062995.  The permit was issued on August 24, 2004, and expired on September 1, 2007;
renewed on August 28, 2008, and expired on September 1, 2012; renewed on March 19, 2014,
and expired on September 1, 2017; renewed on January 24, 2018, and will expire on September
1, 2022.

(29)     The Tidwell Timbers WWTP is operated pursuant to TPDES
permit TX0101460.  The permit was issued on January 31, 2005, and expired on December 1,
2007; renewed on October 25, 2007, and expired on December 1, 2011; renewed on October 6,
2011, and expired on December 1, 2014; renewed on December 3, 2014, and expired on
December 1, 2017; renewed on February 13, 2018, and will expire on December 1, 2022.

(30)     The Turkey Creek WWTP is operated pursuant to TPDES permit
TX0035017.  The permit was issued on June 29, 2004, and expired on May 1, 2007; renewed on
June 30, 2009, and expired on May 1, 2012; renewed on June 27, 2014, and expired on May 1,
2017; renewed on October 6, 2017, and will expire on October 6, 2020.

(31)     The Upper Brays WWTP is operated pursuant to TPDES permit
TX0088153.  The permit was issued on January 23, 2003, and expired on September 1, 2007;
renewed on February 17, 2005, and expired on September 1, 2007; renewed on March 30, 2006,
and expired on September 1, 2010; renewed on November 2, 2010, and expired on September 1,
2013; renewed on August 18, 2016, and will expire on September 1, 2019.

(32)     The Water Control & Improvement District #47 ("W.C.I.D. #47") WWTP
is operated pursuant to TPDES permit TX0063045.  The permit was issued on January 31, 2004,
and expired on September 1, 2007; renewed on August 21, 2008, and expired on September 1,

2012; renewed on September 26, 2012, and expired on September 1, 2017; renewed October 17,

2017, and will expire on September 1, 2022.

(33)    The Water Control & Improvement District No. 76 ("W.C.I.D. No. 76")

WWTP is operated pursuant to TPDES permit TX0025291.  The permit was issued on

November 25, 2002, and expired on December 1, 2005; renewed December 9, 2005, and expired

December 1, 2010; renewed on October 13, 2010, and expired on December 1, 2013; renewed

November 2, 2013, and expired on December 1, 2017; renewed on February 13, 2018, and will

expire on December 1, 2022.

(34)  The Water Control & Improvement District 111 ("W.C.I.D. No. 111")

WWTP is operated pursuant to TPDES permit TX0027201.  The permit was issued on April 18,

2005, and expired on September 1, 2007; renewed on August 25, 2008, and expired September 1,

2012.  This permit is currently administratively extended.

(35)    The West Lake Houston WWTP is operated pursuant to TPDES permit

TX0128244.  The permit was issued on June 29, 2006, and expired on July 1, 2008; renewed on

December 4, 2008, and expired on July 1, 2013; renewed on September 9, 2013, and expired on

July 1, 2018.  This permit is currently administratively extended.

(36)    The West District WWTP is operated pursuant to TPDES permit

TX0063002.  The permit was issued on December 10, 2002, and expired on May 1, 2007;

renewed on August 21, 2008, and expired on May 1, 2012; renewed on July 31, 2014, and

expired on May 1, 2017; renewed on September 21, 2017, and will expire on May 1, 2022.

(37)    The Westway WWTP is operated pursuant to TPDES permit TX0026875.

The permit was issued on June 24, 2003, and expired on March 1, 2007; renewed on August 19,

2008, and expired on March 1, 2012; renewed on March 14, 2012, and expired on March 1, 2017.  This permit is currently administratively extended.

(38)    The White Oak WWTP is operated pursuant to TPDES permit TX0057347.  The permit was issued on October 7, 2002, and expired on March 1, 2007; renewed on August 18, 2008, and expired on March 1, 2012; renewed on August 6, 2012, and expired on March 1, 2017; renewed on November 15, 2017, and will expire on March 1, 2022.

(39)    The Willowbrook WWTP is operated pursuant to TPDES permit TX0113131.  The permit was issued on August 26, 2004, and expired on December 1, 2007; renewed on July 23, 2007, and expired on December 1, 2007; renewed on August 21, 2008, and expired on December 1, 2012; renewed on January 16, 2013, and expired on December 1, 2017; renewed on December 27, 2017. and will expire on December 1, 2022.

(40)    The Willow Run WWTP was operated pursuant to TPDES permit TX0075663.  The permit was issued on January 1, 2005, and expired on May 1, 2008; renewed on May 12, 2008, and expired on May 1, 2013; and renewed July 1, 2013, and expired on May 1, 2018.  This permit was terminated on May 1, 2018.

40.    During the times relevant to this Complaint, the TPDES permits for each WWTP authorized the discharge of wastewater from one or more outfalls specified in each permit.

41.    The Houston WCTSs associated with each WWTP from which the sanitary sewer overflows ("SSO") originated are "point sources" within the meaning of Section 502(14) of the CWA, 33 U.S.C. § 1362(14).

42.    The Houston TPDES Permits allow the discharge of wastewater from Houston WWTPs only in accordance with effluent limitations, monitoring requirements and other

conditions set forth in each permit and in accordance with TCEQ orders, permits, and Texas laws.

### C.   Prohibitions and Requirements of the Houston TPDES Permits

43.     The Houston TPDES Permits prohibit discharges of wastewater into or adjacent to water in the state from any location in the Houston WCTS other than the WWTP outfalls specified in each TPDES permit.  *Houston TPDES Permit, Permit Conditions, Compliance ¶ 2.g.*

44.     The Houston TPDES Permits authorize the discharge of wastewater from the WWTP subject to the effluent limitations specified in each TPDES permit.  *Effluent Limitations and Reporting Requirements*.

45.     The Houston TPDES Permits authorize discharges of treated wastewater from the WWTP outfalls only if such discharges are made in accordance with the effluent limitations, monitoring and reporting requirements, and other conditions set forth in the Houston TPDES Permits.

46.     The Houston TPDES Permits state that the permittee has a duty to comply with all conditions of the permit, and that failure to comply with any permit constitutes a violation of the permit and the Texas Water Code.  *Permit Conditions, Compliance ¶ 2.b.*

### D.   Effluent Violations and Unauthorized Sanitary Sewer Overflows

47.     Pursuant to the terms and conditions of the Houston TPDES Permits, Houston reported to TCEQ on numerous occasions when effluent limitations were exceeded at the Houston WWTPs.

48.     In accordance with 40 C.F.R. § 122.4, Houston TPDES Permits require Houston to ensure at all times that each WWTP and its systems of collection, treatment, and disposal are

properly operated and maintained.  *See* WWTP Permits, generally, *Operational Requirements ¶ 1.*

49.    Each TPDES permit authorizes the discharge of wastewater containing pollutants only from specified point sources or "outfalls" into specified waters, as stated in each permit, subject to the conditions and limitations specified in each TPDES permit.

50.    Since at least August 2005, and at all times relevant to this Complaint, Houston's failure to properly operate and maintain the Houston POTW resulted in a substantial number of blockages in pipes and other conduits that comprise the Houston WCTS.

51.    The blockages in the Houston WCTS were caused by buildups of fats and grease and the accumulation of debris in the Houston WCTS.

52.    Since at least August 2005, and at all times relevant to this Complaint, Houston's failure to properly operate and maintain the Houston POTW resulted in structural defects, line breaks, or other deficiencies in the Houston WCTS.

53.    At all times relevant to this Complaint, structural defects, line breaks, and other deficiencies in the WCTS allowed the inflow and infiltration of water ("I&I") into the Houston WCTS.

54.    On thousands of occasions since August 2005, Houston has released untreated sewage from the Houston WCTS at locations other than the WWTP outfalls.  Such releases from the collection systems are known as "sanitary sewer overflows" or "SSOs."  These releases or unauthorized discharges were reported by Houston to TCEQ pursuant to the requirements of the Houston TPDES Permits.

55.    At times relevant to this Complaint, SSOs referred to in Paragraph 54 were caused by blockages, structural defects, line breaks, I&I, and other deficiencies in the Houston WCTS.

56.     On numerous occasions since August 2005, untreated sewage released from the Houston WCTS, namely SSOs, flowed into nearby waters that are "waters of the United States" within the meaning of Section 502(7) of the CWA, 33 U.S.C. § 1362(7), and 40 C.F.R. § 122.2 and a "water in the State" within the meaning of Section 26.001(5) of the Texas Water Code. These waters, include but are not limited to, the Houston Ship Channel, Buffalo Bayou, Sims Bayou, and Brays Bayou.

57.     The Houston Ship Channel in Houston, Texas, is a part of the Port of Houston, one of the biggest seaports in the United States.  The Houston Ship Channel flows into Galveston Bay and the Gulf of Mexico.  During times relevant to this Complaint, the Houston Ship Channel has been known as Buffalo Bayou.

58.     Buffalo Bayou is a perennial body of water that flows into and becomes the Houston Ship Channel.  Buffalo Bayou is also referred to as the Houston Ship Channel. Upstream segments of Buffalo Bayou are used for recreational kayaking and canoe racing.

59.     Brays Bayou is a perennial body of water that flows approximately 31 miles and enters into Buffalo Bayou at the Houston Ship Channel.  Segments of Bray Bayou are used for recreational fishing and boating.

60.     Sims Bayou is a navigable in fact water body that rises just inside Houston's southern city limit in Harris County and flows east, northeast for approximately 28 miles, through the Houston Metropolitan area into Buffalo Bayou/Houston Ship Channel.

61.     Subject to a reasonable opportunity for further investigation and discovery, on numerous occasions since August 2005, untreated sewage released from the Houston WCTS, namely SSOs, flowed into other nearby waters that are "waters of the United States" within the

meaning of Section 502(7) of the CWA, 33 U.S.C.§ 1362(7), and 40 C.F.R. § 122.2 or a "water in the State" within the meaning of Section 26.001(5) of the Texas Water Code.

## FIRST CLAIM FOR RELIEF
### (ON BEHALF OF THE UNITED STATES AND TEXAS)
### Failure to Comply with Houston TPDES Permits' Effluent Limitations

62.     Paragraphs 1 through 61 are re-alleged and incorporated herein by reference.

63.     On numerous occasions since at least August 2005, Houston discharged effluent from its WWTPs that failed to comply with the Effluent Limitations contained in Houston TPDES Permits, including, for example, limits for flow, total suspended solids, enterococci, ammonia nitrogen, total Kjeldahl nitrogen, and Carbonaceous Biochemical Oxygen Demand.

64.     Each day of each discharge that failed or fails to comply with any Effluent Limitations in any Houston TPDES Permit is a separate violation of the TPDES Permit.

65.     Unless restrained by an order of the Court, Houston will continue to violate the Effluent Limitations contained in the Houston TPDES Permits.

66.     As a result of its violations of the terms and conditions of applicable Houston TPDES Permits, Houston is subject to both injunctive relief, pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and civil penalties, pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), as described in Paragraph 29 above.

67.     As relevant to the claims of Texas, Section 7.101 of the Texas Water Code states that no person may cause, suffer, allow, or permit a violation of a permit issued under TCEQ's jurisdiction. As relevant to the claims of Texas, Section 7.102 of the Texas Water Code provides that any person who causes, suffers, allows, or permits a violation of a statute, rule, order, or permit shall be assessed for each violation a civil penalty not less than $50 nor greater than

$25,000 for each day of each violation as the court or jury considers proper. Section 7.102 of the

Texas Water Code further specifies that each day of a continuing violation is a separate violation.

68.     As relevant to the claims of Texas, Section 7.032 of the Texas Water Code

authorizes the Court to issue a permanent or temporary injunction to require compliance with the

Texas Water Code when a person violates a provision of a TCEQ rule or permit.

**SECOND CLAIM FOR RELIEF**
**(ON BEHALF OF THE UNITED STATES AND TEXAS)**
**Failure to Properly Operate and Maintain the Houston POTW as Required by the Houston**
**TPDES Permits**

69.     Paragraphs 1 through 61 are realleged and incorporated herein by reference.

70.     SSOs occurred on numerous occasions, numbering in the thousands, since at least

August 2005, as the result of blockages, structural defects, line breaks, I&I, and other

deficiencies arising from Houston's failure to properly operate and maintain the Houston POTW.

71.     Each day of each SSO caused by Houston's failure to properly operate and

maintain the Houston POTW constitutes a separate violation of Paragraph 1 of the Operational

Requirements found in the applicable Houston TPDES Permits.

72.     Unless restrained by an order of the Court, Houston will continue to fail to

properly operate and maintain the Houston POTW and will continue to experience SSOs, in

violation of the Houston TPDES Permits.

73.     As a result of its violations of the terms and conditions of applicable Houston

TPDES Permits, Houston is subject to both injunctive relief, pursuant to Section 309(b) of the

CWA, 33 U.S.C. § 1319(b), and civil penalties, pursuant to Section 309(d) of the CWA, 33

U.S.C. § 1319(d), as described in Paragraph 29 above.

74.     As relevant to the claims of Texas, Section 7.101 of the Texas Water Code states

that no person may cause, suffer, allow, or permit a violation of a permit issued under TCEQ's

21

jurisdiction. As relevant to the claims of Texas, Section 7.102 of the Texas Water Code provides that any person who causes, suffers, allows, or permits a violation of a statute, rule, order, or permit shall be assessed for each violation a civil penalty not less than $50 nor greater than $25,000 for each day of each violation as the court or jury considers proper. Section 7.102 of the Texas Water Code further specifies that each day of a continuing violation is a separate violation.

75.     As relevant to the claims of Texas, Section 7.032 of the Texas Water Code authorizes the Court to issue a permanent or temporary injunction to require compliance with the Texas Water Code when a person violates a provision of a TCEQ rule or permit.

### THIRD CLAIM FOR RELIEF
### (ON BEHALF OF UNITED STATES)
### Unpermitted Discharges of Pollutants in Violation of Section 301 of the CWA

76.     Paragraphs 1 through 61 are realleged and incorporated herein by reference.

77.     Since at least August 2005, on numerous occasions, Houston has discharged pollutants, including treated and untreated sewage, as a result of SSOs from the Houston WCTS to waters of the United States in violation of Section 301 of the CWA, 33 U.S.C. § 1311.

78.     The manholes, pipes, conduits, and other locations in the Houston WCTS from which the SSOs were released are "point source[s]" within the meaning of Section 502(14) of the CWA, 33 U.S.C. § 1362(14).

79.     The SSOs and the consequent discharge of pollutants, such as untreated sewage, from the Houston WCTS were not and are not authorized by the Houston TPDES Permits.

80.     Each day of each unauthorized discharge of a pollutant into waters of the United States constitutes a separate violation of Section 301(a) of the CWA, 33 U.S.C. § 1311.

81.     Unless enjoined by an order of the Court, Houston will continue to discharge pollutants from the Houston WCTS in violation of Section 301(a) of the CWA and 33 U.S.C. § 1311(a).

82.     As a result of its violations, Houston is subject to both injunctive relief, pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and civil penalties, pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), as described in Paragraph 29 above.

## FOURTH CLAIM FOR RELIEF
### (ON BEHALF OF TEXAS)
**Unauthorized Discharges of Sewage and Municipal Waste into Waters in the State in Violation Section 26.121(a)(1) of the Texas Water Code**

83.     Paragraphs 1 through 61 are realleged and incorporated herein by reference.

84.     Since at least August 2005, on numerous occasions, Houston has discharged pollutants, including treated and untreated sewage, as a result of SSOs from the Houston WCTS to waters in Texas, including groundwater percolating or otherwise, streams, creeks, and other bodies of surface water inside the state.

85.     The SSOs and the consequent discharge of pollutants, such as untreated sewage, from the Houston WCTS were not and are not authorized by the Houston TPDES Permits.

86.     Each unauthorized discharge of sewage into or adjacent to any water in the state constitutes a separate violation of Section 26.121(a)(1) of the Texas Water Code.

87.     Section 7.101 of the Texas Water Code states that no person may cause, suffer, allow, or permit a violation of a permit issued under TCEQ's jurisdiction. Section 7.102 of the Texas Water Code provides that any person who causes, suffers, allows, or permits a violation of a statute, rule, order, or permit shall be assessed for each violation a civil penalty not less than $50 nor greater than $25,000 for each day of each violation as the court or jury considers proper.

Section 7.102 of the Texas Water Code further specifies that each day of a continuing violation is a separate violation.

88.     Section 7.032 of the Texas Water Code authorizes the Court to issue a permanent or temporary injunction to require compliance with the Texas Water Code when a person violates a provision of a TCEQ rule or permit. Unless restrained by an order of the Court, Houston will continue to discharge pollutants from the Houston WCTS in violation of Section 26.121(a)(1) of the Texas Water Code.

**FIFTH CLAIM FOR RELIEF**
**(ON BEHALF OF TEXAS)**
**Claim for Attorney's Fees to Texas**

89.      Paragraphs 1 through 61 are re-alleged and incorporated herein by reference.

90.     Texas has expended and will expend through the course of litigation reasonable attorney's fees, court costs, and/or reasonable investigative costs.

91.     Section 7.108 of the Texas Water Code authorizes the Court to award Texas its reasonable attorney's fees, court costs, and/or reasonable investigative costs related to this proceeding if Texas prevails.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, the United States and Texas, request that the Court enter judgment against Defendant City of Houston on the Plaintiffs' behalf and provide the following relief:

1. Pursuant to Section 309(b) of the CWA, 33 U.S.C § 1319(b), issue a permanent injunction directing Houston to take all steps necessary to comply with the CWA and the Houston TPDES Permits, in particular enjoining Houston from further violations of Section 301 of the CWA, 33 U.S.C § 1311(a), and the regulations

24

promulgated thereunder, and of the terms and conditions of the Houston TPDES

Permits, issued pursuant to Section 402 of the CWA, 33 U.S.C § 1342;

2. Pursuant to Section 7.032 of the Texas Water Code, issue a permanent injunction

directing Houston to take all steps necessary to comply with the Texas Water

Code and the Houston TPDES Permits, in particular enjoining Houston from

further violations of Section 26.121 of the Texas Water Code, and the regulations

promulgated thereunder, and of the terms and conditions of the Houston TPDES

Permits, issued pursuant to Section 402 of the CWA, 33 U.S.C § 1342, and

Section 26.027 of the Texas Water Code;

3. Pursuant to Section 309(b) of the CWA, 33 U.S.C § 1319(b), assess civil penalties

against Houston of up to $32,500 per day for each violation occurring after March

15, 2004, through January 12, 2009, a penalty of up to $37,500 per day for each

violation occurring after January 12, 2009, through November 2, 2015, and a

penalty of up to $53,484 per day for each violation occurring after November 2,

2015;

4. Pursuant to Section 7.102 of the Texas Water Code, assess civil penalties against

Houston of not less than $50 nor greater than $25,000 per day for each violation;

5. Pursuant to Section 7.108, award Texas its reasonable attorney's fees, court costs,

and reasonable investigative costs for this suit; and

6. Grant the United States and Texas such relief as the Court deems appropriate.

Respectfully submitted,

FOR THE UNITED STATES

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

NATHANIEL DOUGLAS
Pennsylvania Bar No. 18217 Environmental
Enforcement Section Environment and
Natural Resources Division United States
Department of Justice
P.O. Box 7611
Washington, DC, 20004
Ph: (202) 514-4628
Fax: (202) 616-6584
Nathaniel.Douglas@usdoj.gov
Attorney-in-charge for the United States

RYAN PATRICK
United States Attorney
Southern District of Texas

DANIEL D. HU
Assistant United States Attorney
Chief, Civil Division
SD Texas ID 7959
Texas bar number 10131415
1000 Louisiana, Suite 2300
Houston, TX 77002
Ph: (713) 567-9518
Daniel.Hu@usdoj.gov

   *s/ Justin D. Heminger*                    
JUSTIN D. HEMINGER
Chief of Staff and Counsel
to the Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W., Room 2607
Washington, D.C.  20530-0001
(202) 305-0312
justin.heminger@usdoj.gov

OF COUNSEL:

MORGAN ROG
Attorney-Advisor
United States Environmental Protection Agency
Office of Enforcement and Compliance Assurance
1200 Pennsylvania Avenue, NW
Washington, D.C.  20460

EFREN ORDÓÑEZ
Senior Assistant Regional Counsel
U.S. Environmental Protection Agency
Region VI
1445 Ross Ave., Suite 1200
Dallas, TX  75202

FOR THE STATE OF TEXAS

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

PRISCILLA M. HUBENAK
Chief, Environmental Protection Division

27

_s/ Ekaterina DeAngelo_
EKATERINA DEANGELO
Assistant Attorney General
State Bar No. 24087398
S.D. Bar No. 3008046
Ekaterina.DeAngelo@oag.texas.gov

MARY SMITH
Assistant Attorney General
State Bar No. 24041947
Mary.Smith@oag.texas.gov

Office of the Attorney General of Texas
Environmental Protection Division
P.O. Box 12548, Capital Station
Austin, TX 78711-2548
Telephone: 512-463-2012
Facsimile: 512-320-0911
ATTORNEYS FOR THE STATE OF TEXAS