IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and STATE OF TEXAS, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:18-CV-3368 |
| v. | § § | JUDGE EWING WERLEIN, JR. |
| CITY OF HOUSTON, | § § § | |
| Defendant. | § | |

Bayou City Waterkeeper's Opposed Motion to Intervene as Plaintiff

Bayou City Waterkeeper moves to intervene in this action under FRCP(a)(1) and the Clean Water Act, 33 U.S.C. § 1365(b)(1)(B), which grants citizens like Bayou City Waterkeeper an unconditional right to intervene in governmental enforcement actions like this one. Bayou City Waterkeeper alternatively moves to intervene as of right under FRCP(a)(2) and for permissive intervention under FRCP 24(b). Bayou City Waterkeeper conferred with counsel for all other parties. The plaintiffs, the United States of America and the State of Texas, **do not oppose** Bayou City Waterkeeper's request to intervene as of right under FRCP 24(a)(1) and 33 U.S.C. § 1365(b)(1)(B). The plaintiffs do not consent to intervention on any other basis. In contrast, the defendant City of Houston opposes intervention on all grounds. The Court should grant Bayou City Waterkeeper's motion.

Summary of Facts & Argument

On July 23, 2018, Bayou City Waterkeeper served the City of Houston with a 60-day notice of intent to sue under the Clean Water Act for more than 9,300 unpermitted discharges of untreated sewage from the City's wastewater treatment and collection systems into and adjacent to waterways, riparian areas, and micro-watershed around the Houston area. Fifty-nine days later, the

1

United States of America, through the Administrator of the U.S. Environmental Protection Agency ("EPA"), and the State of Texas sued the City for an unstated number of unpermitted discharges from the City's wastewater treatment plants into Houston-area waters and referenced Bayou City Waterkeeper's notice of intent to sue. (Docs. 1, 2 at 2.) The EPA and State did not notify Bayou City Waterkeeper of their lawsuit, and the next day, Bayou City Waterkeeper filed a citizen suit based on the violations identified in its notice of intent to sue. *See* Complaint, Bayou City Waterkeeper v. City of Houston, No. 4:18-CV-3369 (S.D. Tex. Sep. 21, 2018), ECF No. 1.

Bayou City Waterkeeper seeks to intervene in this litigation to assert its interests in protecting the health of the Lower Galveston Bay watershed. Because the City's discharges of untreated wastewater distinctly and adversely affect its interests, Bayou City Waterkeeper's intervention seeks to ensure that any settlement process adequately represents and protects them.

As explained in the memorandum in support of this motion and supporting declaration and exhibits, Bayou City Waterkeeper has the right to intervene under:

- FRCP 24(a)(1), which allows intervention by anyone "given an unconditional right to intervene by a federal statute," based on the unconditional right given to citizens like Bayou City Waterkeeper by the Clean Water Act to intervene in governmental enforcement actions like this one. 33 U.S.C. § 1365(b)(1)(B). **The EPA and State consent to Bayou City Waterkeeper's intervention on this basis; only the City opposes Bayou City Waterkeeper's intervention on this basis.**

- FRCP 24(a)(2) because (1) its motion is timely, (2) Bayou City Waterkeeper has an interest in this litigation evidenced by its investigation of the City's permit violations culminating in a notice of intent to sue and citizen suit, (3) this litigation may impair or impede Bayou City Waterkeeper's interests, and (4) the existing parties do not adequately represent Bayou City Waterkeeper's interests. *See Entergy Gulf States La. v. EPA*, 817 F.3d 198, 203 (5th Cir. 2016). **The EPA, State, and City object to intervention on this basis.**

- FRCP 24(b) because it has a claim or defense that shares common questions of law and fact with those raised in this case. **The EPA, State, and City object to intervention on this basis.**

A proposed intervention complaint is attached to this filing as Exhibit 1.

Date: October 3, 2018

        By: */s/ David Frederick*
        David Frederick
        Attorney-in-charge
        Texas Bar No. 07412300
        Eric Allmon, of counsel
        Texas Bar No. 24031819
        Lauren Ice, of counsel
        Texas Bar No. 24092560
        Frederick, Perales, Allmon & Rockwell, P.C.
        1206 San Antonio St.
        Austin, Texas 78701
        Tel: (512) 469-6000
        Fax: (512) 482-9346
        dof@lf-lawfirm.com
        eallmon@lf-lawfirm.com
        lauren@lf-lawfirm.com
        *Attorneys for Bayou City Waterkeeper*

        Kristen Schlemmer, of counsel
        Texas Bar No. 24075029
        S.D. Tex. Bar No. 2078411
        Bayou City Waterkeeper
        2010 N. Loop West, Suite 275
        Houston, TX 77018
        Tel: (281) 901-0182
        kristen@bayoucitywaterkeeper.org
        *Attorney for Bayou City Waterkeeper*

## Certificate of Service

I certify that on October 3, 2018, I electronically filed this Bayou City Waterkeeper's Opposed Motion to Intervene as Plaintiff and all attachments using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ David Frederick*
David Frederick

*Attorney for the Proposed Plaintiff-Intervenor Bayou City Waterkeeper*

Certificate of Conference

I conferred with counsel for the parties in this matter on September 24, 26, and 27, and October 1 and 2, 2018. Counsel for each of the parties advised as follows:

The plaintiff United States of America and the plaintiff State of Texas do not oppose Bayou City Waterkeeper's right to intervene under 33 U.S.C. § 1365(b)(1)(B) and FRCP 24(a)(1). The plaintiffs oppose intervention on any other ground.

The defendant City of Houston opposes Bayou City Waterkeeper's right to intervene under 33 U.S.C. § 1365(b)(1)(B) and FRCP 24(a)(1) unless Bayou City Waterkeeper first dismisses its citizen suit, *see* Complaint, No. 4:18-cv-03369 (S.D. Tex., filed Sep. 21, 2018), ECF No. 1, and agrees not to contest the stay granted by this Court on September 24, 2018. (Doc. 8.) The City also opposes Bayou City Waterkeeper's request to intervene on any other basis.

Although not relevant to this motion, all parties further advise that they are opposed to any future requests by Bayou City Waterkeeper to modify the stay currently in place in this case.

*/s/ Kristen Schlemmer*
Kristen Schlemmer

*Attorney for the Proposed Plaintiff-Intervenor Bayou City Waterkeeper*