IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STATE OF TEXAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 4:18-cv-03368 |
| | ) | Judge EWING WERLEIN, JR. |
| CITY OF HOUSTON, TEXAS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT RESPONSE OF THE UNITED STATES AND THE STATE
OF TEXAS TO BAYOU CITY WATERKEEPER'S MOTION TO
INTERVENE AS PLAINTIFF-INTERVENOR**

On September 20, 2018, Plaintiffs United States and the State of Texas filed a Complaint

against the City of Houston, Texas, pursuant to the Clean Water Act ("CWA"), 33 U.S.C. §

1251, *et seq*., and the Texas Water Code § 7.001 *et seq*.  (ECF No. 1).  Simultaneously with

filing the Complaint, the United States filed an Unopposed Motion to Stay Proceedings to Allow

the Parties to Complete Settlement Negotiations ("Stay Motion").  (ECF No. 2).  Plaintiff State

of Texas (the "State") and Defendant City of Houston ("City" or "Houston") supported the Stay

Motion.  On September 24, 2018, this Court entered an Order Staying Litigation Pending

Settlement Negotiations ("Stay Order").  (ECF No. 8).  On October 3, 2018, Bayou City

Waterkeeper ("Waterkeeper") filed its Motion to Intervene and Memorandum In Support of

Bayou City Waterkeeper's Opposed Motion to Intervene as Plaintiff ("Memorandum in

Support") seeking to intervene in this case as a matter of right pursuant to 33 U.S.C. §

1365(b)(1)(B) and FRCP 24(a)(1), or alternatively under FRCP 24(a)(2) and/or permissively under FRCP 24(b).  (ECF No. 12).

As discussed below, Plaintiffs would not oppose this Court granting intervention at an appropriate time.  Any such intervention would be as a matter of right pursuant to CWA Section 1365(b)(1)(B) and FRCP 24(a)(1).  However, because the Stay Order is currently in effect to allow Plaintiffs and Defendant Houston to continue and complete ongoing settlement negotiations, Plaintiffs respectfully request that the Court defer ruling on the Motion to Intervene until after expiration of the Stay Order.[1]  Plaintiffs' request is consistent with judicial economy and supported by case law.

## BACKGROUND

The United States and the State jointly filed this civil action against Houston under Sections 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d), and provisions of the Texas Water Code ("TWC") to address violations of the CWA, the TWC, and terms and conditions of Texas Pollutant Discharge Elimination Systems ("TPDES") permits issued to Houston by the Texas Commission on Environmental Quality.  In general, the TPDES permits contain terms and conditions which must be complied with by Houston in the operation of the City's wastewater treatment plants ("WWTPs") and the wastewater collection systems associated with the WWTPs. The Complaint alleges two categories of violations: (a) discharges from the Houston WWTPs that exceeded effluent limitations set forth in TPDES permits and (b) unauthorized discharges, namely sanitary sewer overflows ("SSOs"), from components of the collection systems

---

[1] On October 2, 2018, counsel for the United States communicated to counsel for proposed intervenor Waterkeeper the following message: ". . .Plaintiffs will not oppose Waterkeeper's intervention of right pursuant to 33 U.S.C. § 1365(b)(1)(B) and FRCP 24(a)(1) . . . the Court should be aware that Plaintiffs oppose any effort by Waterkeeper to modify, shorten or lift the Stay Order granted by the Court on September 24, 2018, and that Plaintiffs will request that the Court defer ruling on any motion to intervene by Waterkeeper until after the period covered by the Stay Order has expired."

associated with the WWTPs in violation of TPDES permits, the CWA and/or the TWC.  The Complaint requests that the Court: (a) enter a permanent injunction directing Houston to take all steps necessary to comply with the CWA, the TWC, and the terms and conditions of TPDES permits; and (b) assess civil penalties against Houston as specified in the Complaint.

The Stay Motion advised the Court that the U.S. Department of Justice ("DOJ"), the U.S. Environmental Protection Agency ("EPA"), the Office of Attorney General for the State of Texas, the Texas Commission on Environmental Quality ("TCEQ") and the City of Houston have been involved in settlement negotiations for several years to address violations of the CWA and the TWC.  The Stay Motion further advised the Court that prior to Hurricane Harvey, the parties had made significant progress toward a final agreement; that negotiations were suspended for a period due to the devastating impact of Hurricane Harvey on the City and the need for Houston officials to focus attention on the health and safety of its citizens; and that the parties recently resumed negotiations.  In addition, the Stay Motion advised the Court that these parties have agreed "that it would be in the best interest of each party, in the public's interest, and consistent with judicial economy, to focus on continuing settlement negotiations for a <u>short period</u> without any competing challenges associated with litigation."  Stay Motion at 2 (emphasis added).  The Stay Motion requested that the Court stay all litigation proceedings for at least 90 days, with a requirement that a progress report be filed every 45 days.  Finally, the Stay Motion stated "[S]hould negotiations stall or the parties conclude that reaching a final agreement is not feasible counsel for the United States will promptly notify the Court."  *Id.* at 3.

On September 24, 2018, the Court entered its Stay Order.  The Court concluded that "granting said motion is in the best interest of judicial economy and will facilitate settlement."  Stay Order at 1.  The Stay Order directed the parties to file a joint report on settlement progress

every 45 days following entry of the Stay Order.  *Id*.  The Stay Order also stated "that any party, upon advance written notice to the parties and for good cause shown, may request a status conference or that the matter be returned to the active litigation docket."  *Id*. at 2.

Since at least March 2014, representatives of DOJ, EPA, the State and Houston have conducted good faith settlement negotiations.  *See* Declaration of James Zimny, dated October 23, 2018 ("Zimny Decl.", attached hereto).  The parties' negotiations have focused on the entire sewer system, including, among other things, the causes of effluent discharge violations from the WWTPs, the causes of past and potential future SSOs, and measures necessary to eliminate effluent and SSO violations to the extent possible.  The parties have conducted a number of face-to-face settlement meetings; each meeting occurred over a period of at least one to two full working days and involved approximately 12-15 participants.  For most of these meetings, participants included a senior DOJ attorney; EPA attorneys, technical staff, and on occasions EPA senior managers; State and TCEQ attorneys; attorneys and professional staff on behalf of Houston; outside consultants on behalf of DOJ and EPA; and outside consultants on behalf of Houston.  In addition, the parties have conducted numerous extended telephone conference calls. The parties held their most recent settlement meeting on August 20 and 21, 2018.  *See* Zimny Decl.  The parties have devoted an enormous amount of time, resources, and effort to working cooperatively together to resolve this matter by settlement.

## **ARGUMENT**

A.    **The Court Should Defer Ruling on the Motion to Intervene until after Expiration of the Stay Period.**

This case is currently stayed.  Based on the Stay Order, the United States, the State and Houston have not engaged in litigation activities.  Because the case was promptly stayed after the

Complaint was filed, Houston has yet to answer the Complaint.  Since issuance of the Stay

Order, the parties have continued to pursue settlement activities.

After issuance of the Stay Order, Waterkeeper filed its Motion to Intervene pursuant to

Section 1365(b)(1)(B) of the CWA and FRCP 24(a)(1).  Alternatively, Waterkeeper seeks to

intervene as of right pursuant to FRCP 24(a)(2) or seeks permissive intervention under FRCP

24(b).  Plaintiffs do not oppose this Court granting intervention of right pursuant to Section

1365(b)(1)(B) of the CWA and FRCP 24(a)(1).  Given the current status of the case, however,

Plaintiffs request that the Court defer ruling on intervention until after expiration of the stay

period and the case is returned to the active case docket either due to the parties reaching a

settlement or concluding that litigation should proceed.

Deferring a ruling on the Motion to Intervene would be consistent with judicial economy

and would be appropriate for several reasons.  First, Plaintiffs and Houston have made

significant progress toward reaching an agreement that will resolve the issues alleged in the

Complaint.  Second, since the Stay Order was granted, Plaintiffs and Houston have continued to

work toward narrowing the differences between their positions, with EPA taking the lead in

proposing ways to resolve several matters at issue in the ongoing negotiations.  Third, allowing

Plaintiffs and Houston to attempt to complete negotiations and possibly reach an agreement

during the remainder of the stay period would be consistent with judicial economy.  Fourth, it is

well-accepted that resolving complicated environmental cases through settlement is in the public

interest.  *See United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1436 (6th Cir. 1991)

(The "presumption in favor of voluntary settlement . . . is particularly strong where a consent

decree has been negotiated by the Department of Justice on behalf of a federal administrative

agency like EPA which enjoys substantial expertise in the environmental field.") (citing *United*

*States v. Cannons Eng'g Corp.*, 899 F.2d 79, 84 (1st Cir. 1990)); *see also Ho v. Martin Marietta Corp.*, 845 F.2d 545, 547 n.2 (5th Cir. 1988) ("public policy strongly encourages the settlement of cases") (citing *Bass v. Phoenix Seadrill/78, Ltd.*, 749 F.2d 1154, 1164 (5th Cir. 1985)); *Citizens for a Better Env't v. Gorsuch*, 718 F.2d 1117, 1126 (D.C. Cir. 1983) (Both the parties and the public "benefit from the saving of time and money that result from the voluntary settlement of litigation."); *United States v. Wallace*, 893 F. Supp. 627, 631 (N.D. Tex. 1995).

### 1. The Court May Defer a Ruling on Intervention.

Given that this case is currently stayed, deferring ruling on the Motion to Intervene would be appropriate here.  The Advisory Committee Notes to Federal Rule of Civil Procedure 24 and numerous cases make clear that even "intervention of right . . . may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings."  FRCP 24, 1966 Advisory Committee Notes.  *Accord*, *Beaureguard, Inc. v. Sword Servs. L.L.C.*, 107 F.3d 351, 352-53 (5th Cir. 1997) (affirming "a firmly established principle that reasonable conditions may be imposed even upon one who intervenes as of right.").

### 2. A Decision to Defer Ruling on the Motion to Intervene
### Would Fall within the Discretion of this Court.

A decision to defer ruling on the Motion to Intervene, in light of the Stay Order, which preceded the Motion to Intervene, would fall within the discretion of the Court to control its docket.  "Deciding when to issue a decision is part of a judge's docket management function over which he has broad and virtually unfettered discretion."  *Love v. Letsinger*, 772 F.2d 308, 312 (7th Cir. 1985).  *See also In re Deepwater Horizon*, 713 F. App'x 360, 362 (5th Cir. 2018) ("The court has broad discretion and inherent authority to manage its docket[.]"); *Saqui v. Pride*

*Cent. Am. LLC*, 595 F.3d 206, 211 (5th Cir. 2010); *Garza v. United Healthcare Ins. Co.*, No. H-16-853, 2017 U.S. Dist. LEXIS 46078, at *1 (S.D. Tex. March 29, 2017).

### 3. An Intervenor Must Take the Case Where It Stands.

Nor will deferring a ruling on Waterkeeper's motion to intervene cause any unfairness or prejudice.  It is well settled that proposed intervenors must take the case as it presently stands – and, at present, this case is subject to the Stay Order.  *See*, *Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 498 (1994) ("[A]n intervenor is admitted to the proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues or compel an alteration of the nature of the proceeding."); *Walker v. Williamson*, No. 1:14-cv-381, 2015 U.S. Dist. LEXIS 178572, at *5-6 (S.D. Miss. Dec. 7, 2015).  Although undeniably important, the citizen suit provisions were "not intended to enable citizens to commandeer the federal enforcement machinery."  *Dubois v. Thomas*, 820 F.2d 943, 949 (8th Cir. 1987).

**B.   Should the Court Decide to Rule on the Motion for Intervention, it Should do so Exclusively under 33 U.S.C. 1365(b)(1)(B) and FRCP 24(a)(1); it Need Not and Should Not Rule under FRCP 24(a)(2) or 24(b).**

In addition to seeking to intervene action pursuant to 33 U.S.C § 1365(b)(1)(B) and FRCP 24(a)(1), Waterkeeper requests, in the alternative, to intervene as of right under FRCP 24(a)(2) and permissively under FRCP 24(b).  Memorandum in Support at 1.

Given that Plaintiffs do not object to intervention pursuant to the citizen suit provisions of the CWA and FRCP 24(a), Plaintiffs believe that the Court need not consider intervention on the alternative grounds.  *See State of Ohio v. Callaway*, 497 F.2d 1235, 1243 (6th Cir. 1974) ("hold[ing] that the district court erred in denying the motions for intervention under Rule 24(a)(1) [and Section 1365(b)(1)(b) of the CWA] and, in view of our disposition, we need not decide whether movants should have been permitted to intervene as of right under Rule 24(a)(2)

or permissively under Rule 24(b)"); *United States v. LTV Steel Co.*, 187 F.R.D. 522, 527 n.5 (E.D. Pa. 1998) ("Because we conclude that GASP is entitled to intervention as of right under Rule 24(a)(1) [citizens suit provision of the Clean Air Act], we need not reach the question of whether it is entitled to intervene pursuant to either Rule 24(a)(2) or 24(b)(2)").

C.      **Intervention Memorandum Contains Inaccurate and Speculative Statements.**

If the Court grants Waterkeeper's motion under FRCP 24(a)(1), it need not address the issue of whether Waterkeeper's abililty to protect its interest is being impaired without participation in this civil action, or whether the existing parties adequately represent that interest, since those factors are only relevant if the court also addresses the applicability of FRCP 24(a)(2).  However, if the Court will consider whether Waterkeeper qualifies for intervention under FRCP 24(a)(2), Plaintiffs' take issue with Waterkeeper's contention that EPA and TCEQ do not adequately represent their interests or impair or impede their rights.

The proposed Intervenor's Memorandum in Support contains a number of inaccurate, unsupported, and speculative statements that purport to support intervention.  Plaintiffs will address some of these statements to ensure that the Court considers intervention on an accurate record and to ensure that the public record is accurate.

1.  Waterkeeper attempts to support its requested intervention by contending "[G]iven the City's, EPA's and the State's apparent failure to meaningfully resolve the City's problem [permit violations across the City of Houston], . . . Waterkeeper served the City of Houston with a 60-day notice of its intent to sue."  Memorandum in Support, II. Background, at 5-6.  Again, in an attempt to support intervention under FRCP 24(a)(2),[2] Waterkeeper contends that EPA's and the State's failure to act for several years reinforces that this litigation may potentially impair or

---

[2] Related to the FRCP 24(a)(2) factor of whether the intervenor is "so situated that the disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest."

impede Waterkeeper's interest in protecting water quality.  Memorandum in Support at 13.  Any suggestion by Waterkeeper that EPA and the State have failed to act to address Houston's noncompliance with the CWA and the TWC, is not correct.  Similarly, any belief that EPA and the State were first prompted to bring Houston into compliance with the CWA and the TWC by the Citizen Suit Notice is also not correct.  Years before Waterkeeper sent its notice of intent to sue the City for CWA violations, EPA and the State had initiated settlement negotiations with the City.  The Parties have invested an enormous amount of time, effort, and resources into settlement negotiations since at least March 2014.  *See* Zimny Decl.

2. In an attempt to support the FRCP 24(a)(2) factor related to whether the existing parties adequately represent Waterkeeper, the proposed intervenor claims, among other things, reduction in funding for environmental enforcement nation-wide.  This contention – (to which the United States objects as irrelevant and incorrect) – has no bearing on the case pending before the Court.  With respect to this matter, the current DOJ and EPA management officials authorized the filing of this case to enforce the CWA.  In no way did the change in Administration affect the staffing levels or resources for this case.  Lead counsel represents to this Court that he has had the same case team, consisting of DOJ and EPA lawyers, EPA technical staff, and outside consultants, from day one to the present, and the same team at present continues to work on resolving this case through a settlement or litigation.

3. Finally, Waterkeeper claims that the "EPA, State, and City collectively demonstrate their intent to shortchange the Clean Water Act's public participation provisions by denying Bayou City Waterkeeper its right to bring its own enforcement action or otherwise ensure diligent prosecution by the EPA or State."  Memorandum in Support at 7.  Plaintiffs do not oppose Waterkeeper's intervention as a matter of right pursuant to CWA Section 1365(b)(1)(B)

and FRCP 24(a)(1).  Plaintiffs respect public participation under the CWA.  If the Plaintiffs can finalize settlement negotiations while the Court-ordered stay remains in effect, any resolution of this suit would proceed transparently with public participation.  Neither Plaintiff may consent to the entry of a proposed judgment or consent decree without public comment.  Pursuant to 28 C.F.R. § 50.7 and TWC § 7.110, notice of any proposed settlement would be published in the Federal Register and Texas Register for at least 30 days.  DOJ will receive and consider, and file with the court, written comments, views or allegations related to any proposed judgment or decree.  28 C.F.R. § 50.7(b).   After considering any comments, the DOJ and/or the Office of the Texas Attorney General may withdraw or withhold consent to the proposed judgment or decree.  *Id*. § 50.7(b); TWC § 7.110(c).  Thereafter, it would be for the Court to ascertain whether the proposed judgment or decree is fair, adequate, and reasonable, *see Cotton v. Hinton*, 559 F.2d 1327, 1330 (5th Cir.1977), and consistent with the objectives of the statute under which the action was brought, *see United States v. City of Miami*, 664 F.2d, 435, 441 (5th Cir. 1981) (Rubin, concurring).  Therefore, Waterkeeper's claims regarding Plaintiffs' intentions are misplaced.

## CONCLUSION

But for Hurricane Harvey causing such widespread devastation to Houston and its residents, it is highly likely that the complex matters involved in negotiating a final settlement in this case could have been resolved by now.  Nonetheless, the parties are making good progress toward that end.  For the foregoing reasons, Plaintiffs respectfully request that the Court defer ruling on the Motion to Intervene until after expiration of the Stay Order.


Respectfully submitted,

FOR THE UNITED STATES

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

 *s/ Nathaniel Douglas*
NATHANIEL DOUGLAS
Pennsylvania Bar No. 18217
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC, 20004
Ph: (202) 514-4628
Fax: (202) 616-6584
Nathaniel.Douglas@usdoj.gov
Attorney-in-charge for the United States

RYAN PATRICK
United States Attorney
Southern District of Texas

DANIEL D. HU
Assistant United States Attorney
Chief, Civil Division
SD Texas ID 7959
Texas bar number 10131415
1000 Louisiana, Suite 2300
Houston, TX 77002
Ph: (713) 567-9518
Daniel.Hu@usdoj.gov

OF COUNSEL:

MORGAN ROG
Attorney-Advisor
United States Environmental Protection Agency
Office of Enforcement and Compliance Assurance
1200 Pennsylvania Avenue, NW
Washington, D.C.  20460

11

EFREN ORDÓÑEZ
Senior Assistant Regional Counsel
U.S. Environmental Protection Agency
Region VI
1445 Ross Ave., Suite 1200
Dallas, TX  75202

FOR THE STATE OF TEXAS

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

PRISCILLA M. HUBENAK
Chief, Environmental Protection Division

 *s/ Phillip Ledbetter*
PHILLIP LEDBETTER
Assistant Attorney General
Attorney-in-Charge
State Bar No. 24041316
S.D. Bar No. 1401529
Phillip.Ledbetter@oag.texas.gov

MARY E. SMITH
Assistant Attorney General
State Bar No. 24041947
S.D. Bar No. 890693
Mary.Smith@oag.texas.gov

Office of the Attorney General of Texas
Environmental Protection Division
P.O. Box 12548, MC-066
Austin, TX 78711-2548
Telephone: 512-475-4152
Facsimile: 512-320-0911

ATTORNEYS FOR THE STATE OF TEXAS

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 23, 2018, a copy of the foregoing Joint Response of the

United States and the State of Texas to Bayou City Waterkeeper's Motion to Intervene as

Plaintiff-Intervenor was filed electronically with the Clerk of Court using the CM/ECF system.  I

also certify that I caused this filing to be served by e-mail and U.S. Mail on the following

counsel:

Tiffany S. Bingham
Senior Assistant City Attorney
900 Bagby, 4th Floor
Houston, Texas 77002
tiffany.bingham@houstontx.gov

Debra T. Baker
Baker · Wotring LLP
700 JPMorgan Chase Tower,
600 Travis Street
Houston, TX 77002
DBaker@BakerWotring.com


 *s/ Nathaniel Douglas*
NATHANIEL DOUGLAS