**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA and STATE OF TEXAS** | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:18-cv-03368** |
| | § | |
| **CITY OF HOUSTON** | § | |
| **Defendant** | § | |

**DEFENDANT CITY OF HOUSTON'S**
**RESPONSE TO INTERVENOR'S MOTION TO CONSOLIDATE**

Defendant City of Houston (the "City") files this response to the Motion to Consolidate filed by Intervenor Bayou City Waterkeeper ("BCW").[1]

## I. Statement of Nature and Stage of the Proceeding

This is a suit filed by the United States and the State of Texas against the City seeking penalties and injunctive relief under the federal Clean Water Act.[2] The case was stayed to enable the parties to complete negotiations regarding a consent decree to address sanitary sewer overflows in one of the largest and most complicated wastewater systems in the nation.[3] The parties have filed joint statements with this Court outlining their recent negotiations, the scope and complexity of the issues that are the subject of those negotiations, and their significant progress in resolving their remaining differences.[4]

The United States, the State of Texas, and the City have recently informed this Court that

[1] Doc. 22. Because this Court has stayed this case, the City has not yet filed its answer or filed any motions under Federal Rule of Procedure 12. Doc. 8. The City reserves its right to answer and file Rule 12 motions after the stay has been lifted. *See* FED. R. CIV. P. 12(g)-(h).

[2] Doc. 1.

[3] Doc. 8.

[4] Doc. 19; Doc. 23.

they expect negotiations over the future of the City's sewer system to be resolved in the next 45 days.[5] After these negotiations are completed, the parties will publish any agreement, and BCW and others will have an opportunity to review and comment upon it. Federal law is clear, however, that the representatives of the United States, the State of Texas, and the City are in charge of the litigation and settlement discussions.[6] It is equally clear that the unelected representatives of private groups or individuals have only a limited role in this case.[7]

BCW has filed a separate citizen suit under the federal Clean Water Act regarding the same violations at issue in this lawsuit.[8] That suit is pending before Judge Hanen. BCW's citizen suit is statutorily barred because the United States filed this lawsuit before BCW filed suit and the United States is diligently prosecuting this lawsuit.[9] The City has filed motions to dismiss BCW's citizen suit, which are pending before Judge Hanen.[10] If Judge Hanen dismisses BCW's citizen suit—as the law requires—then BCW's motion to consolidate will become moot.

BCW has filed this motion to consolidate its citizen suit into this lawsuit so that it can be both intervenor regarding the United States' claims and plaintiff regarding its citizen-suit claims.[11] All this maneuvering appears to serve the goal of avoiding BCW's statutorily mandated limited role and to recover attorneys' fees from Houston ratepayers.[12]

---

[5] Doc. 23.

[6] *Gwaltney of Smithfield v. Chesapeake Bay Found.*, 484 U.S. 49, 60 (1987) (A Clean Water Act "citizen suit is meant to supplement rather than to supplant governmental action.").

[7] BCW and others have a right to intervene in this case to provide comment upon the proposed settlement and to obtain certain other very limited rights. 28 U.S.C. § 1365(b)(1)(B) ("any citizen may intervene as a matter of right" in United States' lawsuit); *United States v. Albert Inv. Co., Inc.*, 585 F.3d 1386, 1398 (10th Cir. 2009).

[8] 33 U.S.C. § 1365(b)(1)(B); BCW's Lawsuit Doc. 1; BCW's Lawsuit Doc. 10.

[9] 33 U.S.C. § 1365(b)(1)(B); BCW's Lawsuit Doc. 7; BCW's Lawsuit Doc. 12; BCW's Lawsuit Doc. 13.

[10] BCW's Lawsuit Doc. 7; BCW's Lawsuit Doc. 12; BCW's Lawsuit Doc. 13.

[11] Doc. 22.

[12] Doc. 12; Doc. 22.

This Court should deny the motion to consolidate to (1) allow Judge Hanen to rule on the motions to dismiss, and (2) allow the City, the United States, and the State to conclude their settlement negotiations.

## II. Statement of Issue & Standard of Review

The issue before this Court is whether this Court should deny BCW's motion to consolidate its citizen suit that is barred by 33 U.S.C. § 1365(b)(1)(B) because it was filed after the United States filed and was diligently prosecuting this lawsuit. The motion to consolidate should be denied because it is premature based on the uncertain status of BCW's citizen suit, which is subject to dismissal, as well as because of the ongoing settlement negotiations that could resolve this lawsuit. Either dismissal of BCW's citizen suit or settlement of this lawsuit would entirely moot this consolidation motion.

This Court has broad discretion in determining whether to consolidate cases and the timing of its rulings on consolidation motions.[13]

## III. Background

This case involves alleged sanitary sewer overflows, which are known as "SSOs."[14] The United States has alleged that the City's sewer system has had unauthorized discharges in violation of the Clean Water Act.[15]

### A. The City, the State of Texas, and the United States have had extensive negotiations over the sewer system to reach the best resolution for the people and avoid years of protracted litigation.

The City operates one of the largest sewer systems in the United States.[16] Because of the

[13] *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762 (5th Cir. 1989) (internal quotation omitted) ("A trial court has broad discretion in determining whether to consolidate a case pending before it.").

[14] Doc. 1.

[15] *Id.*

[16] Doc. 2 at 2.

size of the City, as well as the City's geography—specifically, its flat surface and numerous bayous— the operation of its sanitary sewer system is very complex.[17]

The United States Department of Justice, the United States Environmental Protection Agency, the Attorney General of the State of Texas, and the Texas Commission on Environmental Quality have been engaged in settlement discussions with the City for several years in an effort to address alleged violations of the Clean Water Act and the Texas Water Code regarding the City's sewer system.[18] Because of the complex nature of the City's sewer system, and the highly technical engineering, geological, and mechanical issues involved, the discussions have stretched over several years.

### B. The City, State of Texas, and United States agreed to pause settlement discussions to permit the City to take care of the needs of the people after Hurricane Harvey.

Before Hurricane Harvey hit in August 2017, the United States, the State, and the City were making significant progress toward a final agreement.[19] But due to the devastating impact of Hurricane Harvey on the City, the parties agreed to suspend settlement negotiations to allow the City's leadership to focus attention on the health and safety of its citizens and the damage caused by Hurricane Harvey.[20]

However, in less than a year after Hurricane Harvey, the City, the State, and the United States resumed their negotiations and continued to make sufficient progress toward a resolution of the matters at issue in the lawsuit filed by the United States and the State of Texas.[21]

---

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.*

**C. BCW sent its 60-day notice letter stating that it intended to file suit under the Clean Water Act's citizen-suit provision if the United States did not file suit.**

On July 23, 2018, less than a year after Harvey, BCW sent a letter to the City's mayor giving notice of the alleged violations and its intent to file suit after 60 days.[22] Pursuant to its notice letter, the first day that it could file its citizen suit was 60 days later, which was September 21, 2018.[23] After receipt of its 60-day notice letter, the City met with BCW and explained the status of the negotiations and the effect of Hurricane Harvey on those negotiations.

**D. The United States filed this lawsuit against the City regarding the same alleged violations within the 60-day notice period.**

On September 20, 2018, the United States filed this lawsuit against the City under the Clean Water Act for alleged violations related to the City's sewer system.[24] This lawsuit involves the same alleged violations as BCW's notice letter and its citizen suit.[25]

**E. After the United States and the State sued the City, BCW filed its citizen suit against the City regarding the same alleged violations at issue in this suit.**

The United States and the State filed this lawsuit against the City under the Clean Water Act on September 20, 2018, at 10:23 pm.[26] Less than nine hours later, BCW filed its citizen suit against the City on September 21, 2018, at 6:48 am for the alleged violations that it raised in its

---

[22] BCW's Lawsuit Doc. 10 at ¶ 8; BCW's Lawsuit Doc. 10-1.

[23] 33 USC § 1365(b)(1)(A).

[24] Doc. 1.

[25] *Cf.* Doc. 1 *with* BCW's Lawsuit Doc. 1; BCW's Lawsuit Doc. 1-1; BCW's Lawsuit Doc. 1-2; BCW's Lawsuit Doc. 10; BCW's Lawsuit Doc. 10-1; Doc. 10-2.

[26] Doc. 1 (court records show the time suit was filed, but the filing time is not included on the docket itself; this Court can take judicial notice of the time of electronic filing).

notice letter.[27] BCW incorrectly stated in its citizen suit that neither the United States nor the State had filed suit against the City.[28]

After the City filed a motion to dismiss BCW's original complaint, BCW filed an amended complaint, alleging that the United States has not "diligently prosecuted the City's legal violations."[29] BCW primarily bases its lack-of-diligent-prosecution allegations on events that took place before the United States sued the City, including the time that the City was addressing the aftermath of Hurricane Harvey.[30] BCW contends that by asking this Court to stay this suit to allow settlement negotiations to continue, the United States failed to diligently prosecute its lawsuit during the overnight hours of September 20-21, 2018.[31] BCW argues that the stay demonstrates that this lawsuit is not being diligently prosecuted, although it has not identified any prejudice to the people of the City, the State, or the United States.

**F. BCW intervened in this suit, but it is still attempting to maintain this citizen suit over the same alleged violations.**

BCW intervened in this suit.[32] So it will have the opportunity to make its arguments on the merits and appeal any final judgment from this Court as is its proper, but limited, role under federal law.[33] But BCW continues to argue that it can continue to bring its citizen suit, even though the United States filed suit first and even though BCW has successfully intervened in this suit.[34] BCW has not provided a legal basis that allows it to proceed as both plaintiff and intervenor in this

[27] BCW's Lawsuit Doc. 1 (court records show the time suit was filed, but the filing time is not included on the docket itself; this Court can take judicial notice of the time of electronic filing).

[28] *Id*. at 3.

[29] BCW's Lawsuit Doc. 10 at ¶¶ 3, 11, 38-39, 61, 69.

[30] *Id*. at ¶ 39

[31] *Id*. at ¶ 38.

[32] Doc. 20; 28 U.S.C. § 1365(b)(1)(B) ("any citizen may intervene as a matter of right" in United States' lawsuit).

[33] Doc. 20; *United States v. Albert Inv. Co., Inc*., 585 F.3d 1386, 1398 (10th Cir. 2009).

[34] BCW's Lawsuit Doc. 11.

lawsuit in contravention of the Clean Water Act. It does seek to recover its attorney's fees as plaintiff in the suit pending in Judge Hanen's court, which it now wants combined in this Court.[35]

**G. This Court correctly determined that a stay to allow settlement negotiations is appropriate, and the parties have been engaged in extensive and fruitful settlement negotiations.**

This Court has entered an order staying this suit so that the parties can continue settlement negotiations.[36] This Court determined that the stay "is in the best interest of judicial economy and will facilitate settlement."[37] Since this Court stayed this case to allow settlement negotiations, the parties have conducted numerous settlement meetings and believe that they can reach a preliminary settlement within the next 45 days.[38]

In the stay order, this Court required the parties to file a report on the progress of settlement negotiations every 45 days.[39] On November 8, 2018, the United States filed a report regarding settlement negotiations.[40] It informed this Court that on "November 1 and 2, 2018, the Parties conducted a face-to-face settlement meeting in Austin, Texas. Prior to the meeting, the Parties exchanged proposed settlement language on a number of issues for discussion at the meeting."[41]

At that settlement meeting, the United States and the City addressed seven key areas in their negotiations:

- SSO Response Plan;
- Wastewater Treatment Plants;

---

[35] BCW's Lawsuit Doc. 10 at ¶ 78.

[36] Doc. 8.

[37] *Id*. at 1.

[38] Doc. 23 at 11.

[39] *Id*.

[40] Doc. 19.

[41] *Id*. at 3.

- Early Action Projects;
- Condition Assessment;
- Wet Weather Facilities;
- Capacity Management Operation and Maintenance; and
- Advanced Sewer System Monitoring. [42]

After the November settlement meeting, the United States and the City had two telephone conferences involving professional and technical staff representatives that focused on technical issues and on exchanging information with respect to the City's performance of a capacity assessment of its wastewater collection and transmission system.[43]

The United States, the State, and the City held another face-to-face meeting in Houston on December 13-14, 2018.[44] At the December 13-14, 2018 meeting, the United States, the State, and the City "agreed on a recommended approach to addressing capacity assessments and have identified 9 areas that will be addressed in the City's capacity program."[45]

The United States and the State have stated that since this lawsuit has been filed, they and the City "have focused significant resources on settlement negotiations."[46] The United States and the State agree that "they have continued to make progress toward reaching a settlement that will resolve" this lawsuit.[47] The United States, the State, and the City "agree that reaching a settlement is feasible, and they are committed to continue their efforts."[48] Most importantly, the

---

[42] *Id*. at 4-7.

[43] *Id*. at 7; Doc. 23 at 4.

[44] *Id*.

[45] Doc. 23 at 5.

[46] *Id*. at 11.

[47] *Id*.

[48] *Id*.

United States, the State, and the City "agree that during the next forty-five days or sooner, they expect to reach or come very close to reaching a proposed final settlement."[49]

If the parties are able to resolve their remaining differences, the people of the City, the State, and the United States will be spared the cost of litigating this matter. BCW does not appear to want settlement negotiations to proceed uninterrupted; it wants this Court's stay to be lifted, it wants active litigation to commence, and it apparently wants the City's ratepayers to pay attorneys' fees to it.

## IV. Argument

BCW's citizen suit against the City is statutorily barred because the United States filed this lawsuit first and is diligently prosecuting this lawsuit.[50] This Court need not consolidate a statutorily barred lawsuit with the current lawsuit, and BCW's general reliance on Federal Rule of Civil Procedure 42 provides no legal authority for this Court to do so. Indeed, BCW's attempt to circumvent the plain language of the Clean Water Act and improperly enlarge its statutory rights is highly prejudicial to the City and weighs against consolidation under Rule 42.

In addition, the City's motion to dismiss BCW's citizen suit is fully briefed and is currently pending before Judge Hanen.[51] Judge Hanen's ruling is expected at any time. When Judge Hanen dismisses BCW's citizen suit—as the Clean Water Act requires—then this motion to consolidate becomes moot. There will no longer be a BCW citizen suit to consolidate into this case. To conserve judicial resources, this Court should outright deny BCW's continued effort to avoid the statutory restrictions on citizen suits. Alternatively, this Court should allow Judge Hanen to rule on the currently pending motion to dismiss BCW's citizen suit before it rules on BCW's motion

---

[49] *Id*.

[50] 33 U.S.C. § 1365(b)(1)(B).

[51] BCW's Lawsuit Doc. 7; BCW's Lawsuit Doc. 12.

to consolidate.

This Court should also allow the parties to continue their ongoing settlement negotiations. As the United States' recent status report makes clear, the parties are close to a settlement, so BCW's statutorily barred claims should not derail settlement negotiations by consolidating BCW's claims into this lawsuit.[52]

**A. This Court should deny BCW's motion to consolidate because its Clean Water Act citizen suit is barred because the United States filed suit first and is diligently prosecuting its lawsuit.**

The Clean Water Act allows citizens to bring citizen suits for alleged violations of the statute.[53] But the Clean Water Act contains strict limitations on citizen suits. Before a person can bring a citizen suit, he must give notice of the alleged violation to the United States, the state where the violation occurred, and the alleged violator.[54] The person cannot bring a citizen suit until at least 60 days after he gave the required notice.[55]

In addition, the person cannot file suit if—by the end of the 60-day notice period—the United States or the state has filed and is "diligently prosecuting" a lawsuit when the citizen suit is filed regarding the violations alleged in the citizen's notice letter.[56] That is what happened here. Before the 60-day notice period ran, the United States filed this suit against the City for the same violations that are at issue in BCW's citizen suit.[57] Therefore, BCW's citizen suit is statutorily barred. Recognizing this issue, BCW now argues in front of Judge Hanen that this case is not being diligently prosecuted based upon this Court's stay order. However, as this Court is aware,

---

[52] Doc. 23.

[53] 33 U.S.C. § 1365.

[54] 33 U.S.C. § 1365(b)(1)(A).

[55] *Id*.

[56] 33 U.S.C. § 1365(b)(1)(B).

[57] Doc 1; BCW's Lawsuit Doc. 1.

its order was limited in time and required specific reporting to track the parties' progress and negotiations, with which the parties have fully complied.[58]

**1. Courts give great deference to the United States' litigation decisions, so a citizen-suit plaintiff must meet a high standard to establish lack of diligent prosecution.**

Courts presume that the government lawsuit is being diligently prosecuted.[59] Federal appellate courts have held that a plaintiff bringing a Clean Water Act citizen suit must meet a "high standard" to establish that the government is not diligently prosecuting the lawsuit it brought.[60] Courts, therefore, give "great deference" to the government's prosecution of its lawsuit.[61] A government suit is diligent "if the judicial action is capable of requiring compliance with the Act and is calculated to do so."[62] To establish that this case is not being diligently prosecuted, BCW would have to show that not only the United States, but also this Court, were in error in staying this matter to permit settlement discussions to continue uninterrupted. This Court did not err.

[58] Doc. 8; *see also* Doc. 19; Doc. 23.

[59] *Friends of Milwaukee's Rivers v. Milwaukee Metro. Sewarage Dist*., 382 F.3d 743, 760 (7th Cir. 2004) ("diligence on the part of the State is presumed").

[60] *Karr v. Hefner*, 475 F.3d 1192, 1198 (10th Cir. 2007) ("Citizen-plaintiffs must meet a high standard to demonstrate that it has failed to prosecute a violation diligently"); *Piney Run Pres. Ass'n v. County Comm'rs of Carroll County*, 523 F.3d 453, 459 (4th Cir. 2008).

[61] *Karr*, 475 F.3d at 1198 ("The burden is heavy, because the enforcement agency's diligence is presumed.") (quoting *Williams Pipe Line Co. v. Bayer Corp.*, 964 F. Supp. 2d 1300, 1324 (S.D. Iowa 1997)); *Cambridge Envtl. Health Cmty. & Dev. Group v. City of Cambridge*, 115 F. Supp. 2d 550, 554 (D. Md. 2000) ("Most courts considering the diligence of a state or federal prosecution have exhibited substantial deference for the agency's process.").

[62] *Friends of Milwaukee's Rivers*, 382 F.3d at 759 (internal quotations omitted); *Piney Run*, 523 F.3d at 459 ("A CWA enforcement prosecution will ordinarily be considered 'diligent' if the judicial action is capable of requiring compliance with the Act and is in good faith calculated to do so") (internal quotations omitted); *Black Warrior Riverkeeper, Inc. v. Se. Cheese Corp.*, CV 16-0083-KD-B, 2017 WL 359194, at *6 (S.D. Ala. Jan. 24, 2017).

**2. The "diligent prosecution" analysis looks only at events after the United States filed suit.**

In determining whether the United States was diligently prosecuting its lawsuit, courts look only at events that took place *after* the United States filed suit. The issue is whether the United States was diligently prosecuting this lawsuit at the time the citizen suit was filed—not whether the United States had been diligently addressing the issues raised in its lawsuit in the time period before it filed suit.[63] On this issue, the City and BCW are in agreement: the time for determining if the United States is diligently prosecuting its lawsuit starts with the date the United States files the lawsuit.[64]

A "civil action" is a lawsuit, and the Fifth Circuit has held that this provision applies only when lawsuits have been filed.[65] It is impossible to diligently prosecute a lawsuit that has not yet been filed, so it is only actions that took place after the United States filed suit that are at issue. At the time BCW filed its lawsuit against the City, the United States' case against the City on the same issues had been on file for less than nine hours. BCW cannot credibly argue that the United States was not diligently prosecuting its claims against the City given the timing of these events.

**3. BCW's statutorily barred lawsuit cannot be consolidated with this lawsuit under Rule 42.**

Because the separately filed lawsuit is statutorily barred, this Court should not consolidate the two matters. Permitting BCW to merge the separately filed lawsuit into this lawsuit significantly alters BCW's limited rights as an intervenor under the statute. Citing no case that

[63] 33 U.S.C. § 1365(b)(1)(B) (citizen suit barred if government "is diligently prosecuting a civil or criminal action in a court of the United States, or a State"); *Texans United for a Safe Econ. Educ. Fund v. Crown Cent. Petroleum Corp.*, 207 F.3d 789, 795 (5th Cir. 2000).

[64] In its response to the City's motion to dismiss, BCW stated that in "evaluating diligent prosecution, the relevant legal question is whether a 'prior pending action was being diligently prosecuted . . . at the time that the citizen suit was filed.'" BCW's Lawsuit Doc. 11 at 11.

[65] FED. R. CIV. P. 2 ("There is one form of action–the civil action."); *Texans United*, 207 F.3d at 795.

allows a private party to be an intervenor and a plaintiff under the Clean Water Act, BCW's consolidation motion improperly invites this Court to convert its status from intervenor to plaintiff in contravention to the Clean Water Act. Accordingly, BCW's request to consolidate is highly prejudicial to the City's rights and defenses. The Fifth Circuit has made clear that "[c]onsolidation is improper if it would prejudice the rights of the parties," so BCW's motion to consolidate should be denied.[66]

**B. BCW is asking this Court to rule on issues that are currently fully briefed and pending before Judge Hanen, which is a waste of judicial resources.**

In its motion to consolidate, BCW states that it will ask this Court to rule on whether the United States is diligently prosecuting this lawsuit.[67] But that issue is currently pending before Judge Hanen in the City's motion to dismiss.[68] That issue is fully briefed and the parties are just waiting on Judge Hanen's ruling.[69]

BCW claims that "consolidation will conserve judicial resources."[70] But judicial resources will be wasted—not conserved—if this Court were to consolidate the cases before Judge Hanen rules on the City's motion to dismiss. Therefore, consolidation of the cases under Rule 42 is not permitted because consolidation will not conserve judicial resources. BCW's continued attempt to usurp the United States' and Texas' role as the first-filed Plaintiff under the Clean Water Act has wasted judicial resources, rather than advanced, the public interest. BCW's request to consolidate the two cases has no different effect.

---

[66] *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc*., 712 F.2d 978, 989 (5th Cir. 1983); FED. R. CIV. P. 42.

[67] Doc. 22 at 8 ("Bayou City Waterkeeper will show that the EPA and State are not diligently prosecuting all of Bayou City Waterkeeper's claims.").

[68] BCW's Lawsuit Doc. 7; BCW's Lawsuit Doc. 12.

[69] BCW's Lawsuit Doc. 7; BCW's Lawsuit Doc. 12.

[70] Doc. 22 at 8.

**C. BCW is attempting to maintain its statutorily barred citizen suit in an attempt to get attorneys' fees it would not be entitled to as an intervenor.**

BCW is seeking to consolidate its statutorily barred citizen suit with this suit in an apparent effort to obtain attorneys' fees from Houston ratepayers. The Clean Water Act allows parties bringing citizen suits to recover attorneys' fees if they are the prevailing party.[71] BCW sought attorneys' fees in its original complaint, and it is still seeking attorneys' fees in its amended complaint.[72] While a party that is barred from bringing a citizen suit can still intervene in the government's lawsuit, the Clean Water Act does not allow the intervenor to recover attorneys' fees.[73] This Court should reject BCW's request to consolidate its statutorily barred citizen suit in an effort to potentially recover attorneys' fees that Congress determined it was not entitled to recover.

**D. BCW's statutorily barred citizen suit should not be allowed to upset the continuing productive settlement negotiations.**

In its most recent status report, the United States informed this Court that its settlement negotiations with the City are progressing well and the parties "agree that during the next forty-five days or sooner, they expect to reach or come very close to reaching a proposed final settlement."[74] Because the settlement negotiations are proceeding well, BCW's statutorily barred

[71] 33 U.S.C. § 1365(d).

[72] BCW Lawsuit Doc. 1 at ¶ 77; BCW Lawsuit Doc. 10 at ¶ 78.

[73] 33 U.S.C. § 1365(b)(1)(B); *United States v. Maine Dept. of Transp.*, 980 F. Supp. 546, 549 (D. Me. 1997) ("Plaintiff–Intervenors never brought an action pursuant to 33 U.S.C. § 1365. Instead, after sending 60–day notice letters to Defendants and EPA, Plaintiff–Intervenors participated in settlement discussions with the other parties and intervened in the United States' civil enforcement suit brought pursuant to 33 U.S.C. § 1319. As a result, Plaintiff–Intervenors' fee application falls outside of the statutory authorization of fees in subsection 1365(d)."); *United States v. Lexington-Fayette Urban County Gov't*, CIV.A. 06-386-KSF, 2011 WL 1097755, at *5 (E.D. Ky. Mar. 22, 2011). BCW would not be entitled to attorneys' fees as an intervenor even if the cases were consolidated. But BCW is attempting to blur the issues regarding its entitlement to attorneys' fees by asking this Court to consolidate its statutorily barred citizen suit (which would potentially allow attorneys' fees) with this case where it is an intervenor (where BCW is not entitled to attorneys' fees).

[74] Doc. 23 at 11.

citizen suit should not be allowed to upset them by consolidation with this suit. Because the recent status report to this Court confirms that the negotiations are making progress—with the ultimate goal of entering into a consent decree—there is no statutory basis under the Clean Water Act for BCW to take on a dual role as intervenor and plaintiff in the current lawsuit. Therefore, BCW's motion to consolidate is without merit.

## V. Conclusion

This Court should deny BCW's motion to consolidate because BCW's lawsuit is statutorily barred and consolidation would prejudice the City. In the alternative, this Court should allow Judge Hanen to rule on the City's motion to dismiss BCW's claims in its citizen suit, and should also allow uninterrupted continuation of the current settlement negotiations. If BCW's claims are dismissed—as they should be under controlling law—then there will be nothing to consolidate. Similarly, if a settlement is reached, there is no need for consolidation.

Respectfully submitted,

/s/ Debra Tsuchiyama Baker
Debra Tsuchiyama Baker
*Attorney-in-Charge*
Texas Bar No. 15089600
Southern District No. 6943
BAKER • WOTRING LLP
700 JPMorgan Chase Tower
600 Travis
Houston, Texas 77002
Tel. (713) 980-1700
Fax (713) 980-1701
dbaker@bakerwotring.com

Earnest W. Wotring
Texas Bar No. 22012400
Southern District No. 15284
John Muir
Texas Bar No. 14630477
Southern District No. 9404
David George
Texas Bar No. 00793212
Southern District No. 19330
BAKER • WOTRING LLP
700 JPMorgan Chase Tower
600 Travis
Houston, Texas 77002
Tel. (713) 980-1700
Fax (713) 980-1701
ewotring@bakerwotring.com
jmuir@bakerwotring.com
dgeorge@bakerwotring.com

Of Counsel:
Ronald C. Lewis
City Attorney
CITY OF HOUSTON LEGAL DEPARTMENT

Tiffany Bingham
Senior Assistant City Attorney
Texas Bar No. 1077536
Southern District No. 24012287
900 Bagby, 4th Floor
Houston, Texas 77002
Tel.: (832) 393-6445
Fax: (832) 393-6259
Tiffany.Bingham@houstontx.gov

ATTORNEYS FOR DEFENDANT
CITY OF HOUSTON

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2018, a copy of the above document was served on all counsel of record via the Court's electronic filing system.

David Frederick
Eric Allmon
Lauren Ice
FREDERICK, PERALES, ALLMON & ROCKWELL PC
1206 San Antonio Street
Austin, Texas 78701
dof@lf-lawfirm.com
eallmon@lf-lawfirm.com
lauren@lf-lawfirm.com

Kristen Schlemmer
BAYOU CITY WATERKEEPER
2010 N. Loop West, Suite 275
Houston, Texas 77018
kristen@bayoucitywaterkeeper.org

*/s/ Debra Tsuchiyama Baker*
Debra Tsuchiyama Baker