IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF TEXAS, § § | |
| Plaintiffs, § | |
| and § | CIVIL ACTION NO. 4:18-CV-3368 |
| § | JUDGE EWING WERLEIN, JR. |
| BAYOU CITY WATERKEEPER, § | |
| Plaintiff-Intervenor, § | |
| v. § | |
| § | |
| CITY OF HOUSTON, § | |
| Defendant. § | |

<u>Plaintiff-Intervenor Bayou City Waterkeeper's Request for a Status Conference</u>

Plaintiff-Intervenor Bayou City Waterkeeper files this request for a status conference pursuant to this Court's September 24, 2018 order, which entered a stay and states: "any party, upon advance written notice to the parties and for good cause shown, may request a status conference or that the matter be returned to the active litigation docket." (ECF No. 8).

Bayou City Waterkeeper has provided the parties with written notice of this request. Good cause for a status conference exists to discuss the following issues:

- The duration and nature of the stay, in light of Bayou City Waterkeeper's intervention and the joint November 8, 2018 and December 21, 2018 status reports (ECF Nos. 19 and 23);

- Whether allowing limited discovery would be appropriate, in light of the Bayou City Waterkeeper's intervention and the parties' refusal to allow Bayou City Waterkeeper to participate to any degree in settlement meetings; and

- The need to consolidate or otherwise coordinate these proceedings with Bayou City Waterkeeper's pending citizen suit, (*see* ECF No. 22).

The City of Houston is opposed to a status conference at this time. The EPA and State of Texas, given the partial government shutdown and holiday vacation schedules, have been unable

1

to confer. Bayou City Waterkeeper requests a status conference in early January 2019 or at the Court's earliest convenience.

## I. Background

A. <u>After receiving Bayou City Waterkeeper's notice of intent to sue, the EPA and State filed an enforcement action and immediately obtained an indefinite stay on all litigation.</u>

On September 20, 2018, fifty-nine days after Bayou City Waterkeeper sent its 60-day notice letter, the EPA and the State of Texas filed this lawsuit against the City of Houston. (ECF No. 1). With their complaint, the EPA filed an unopposed motion for a stay on all proceedings, requesting a period of at least 90 days to allow the parties to continue and, if able, complete settlement discussions. (ECF No. 2 at 1). This Court's order granting the stay (ECF No. 8) includes no time limit, other than the requirement that the parties report to the court on the progress of settlement discussions every 45 days following entry of the order. As of the date of this request, 98 days have elapsed since the court entered the stay.

B. <u>Bayou City Waterkeeper filed a citizen suit.</u>

On September 21, 2018, Bayou City Waterkeeper filed suit against the City based on the specific violations of the Clean Water Act identified in its notice of intent to sue. *See* Complaint, *Bayou City Waterkeeper v. City of Houston*, No. 4:18-CV-3369 (S.D. Tex. Sept. 21, 2018), ECF No. 1. The case was assigned to Judge Hanen, the City of Houston waived service, and no parties have sought a stay. On December 21, 2018, the City filed a motion to dismiss Bayou City Waterkeeper's First Amended Complaint. *See id.,* ECF No. 13. The joint case management plan is due by January 10, 2019, and an initial pretrial conference is scheduled for January 24, 2019 (*see id.* ECF No. 2), by which time the motion to dismiss will be fully briefed.

C. The EPA, State, and City filed a joint report 45 days after the Court entered the stay.

On November 8, 2018, the EPA, State, and City filed their first joint report on the progress of settlement negotiations. (ECF No. 19). The parties identified seven issues to include in a proposed consent decree, each at various stages of progress toward reaching agreed language. The parties also reported that two technical calls were scheduled on November 9 and 29, 2018 as well as another face-to-face meeting in Houston on December 13-14, 2018. (*See id.* at 7).

D. The Court granted Bayou City Waterkeeper the right to intervene, but the EPA, State, and City have refused to include Bayou City Waterkeeper in settlement negotiations.

On November 13, 2018 Bayou City Waterkeeper sent a letter to all other parties, requesting that Bayou City Waterkeeper and its counsel be allowed to participate in settlement discussions such as the scheduled technical call and face-to-face meeting. **Exhibit 1.** On November 16, 2018, the City notified Bayou City Waterkeeper that it was opposed to Bayou City Waterkeeper's involvement in settlement discussions, and on the same day, in a joint letter, the EPA and State notified Bayou City Waterkeeper that they were also opposed to Bayou City Waterkeeper's involvement. **Exhibits 2-3.**

On November 19, 2018, the Court granted Bayou City Waterkeeper's motion to intervene as a plaintiff-intervenor in this action; however, the Court ordered that the case remain stayed subject to the conditions imposed in the Court's November 24, 2018 Order Staying Litigation Pending Settlement Negotiations. (ECF No. 20).

In a phone call on or about November 26, 2018, the EPA and State confirmed that they continue to oppose Bayou City Waterkeeper's participation in settlement discussions despite the intervention. The EPA and State instead counter proposed an informal meeting with Bayou City Waterkeeper. On December 11, 2018, Bayou City Waterkeeper met with the EPA and State's attorneys in Austin. Bayou City Waterkeeper shared its general concerns with the EPA and State,

and made some general recommendations for what any proposed consent decree should contain. The EPA and State did not share details of any settlement terms with Bayou City Waterkeeper, nor would they elaborate on the issues identified in the first joint status report.

      E.  <u>Bayou City Waterkeeper asked the Court to consolidate its citizen suit with the EPA and State's enforcement action.</u>

On December 10, 2018, Bayou City Waterkeeper filed a motion to consolidate its pending citizen suit with the EPA and State's enforcement action. (ECF No. 22). The City filed a response on December 28. All other responses to Bayou City Waterkeeper's motion are due December 31.

      F.  <u>The EPA, State, and City filed a second status on the progress of settlement negotiations.</u>

On December 21, 2018, the EPA, State, and City filed its Second Joint Report on the Progress of Settlement Negotiations (ECF No. 23), asserting that additional progress has been made since the first joint report was filed. Specifically, the second report summarizes the progress made on the seven issues identified in the first status report. Final agreement was reached on two of the issues by the time of the first status report: the Early Actions Projects and the Advanced Sewer System Monitoring. Negotiating parties have made varying progress on the other five issues. For example, no discernable progress was made on the SSO Response Plan. Any progress on the issue of Wastewater Treatment Plants is unclear because the scope seems to have changed from specific corrective measures to "a process for implementation of a routine system for operation and maintenance performing evaluations of each WWTP." *Id.* at 7.

The second report also says that the negotiating parties have agreed on a recommended approach to addressing "capacity assessment" and have identified nine areas that will be addressed in the City's capacity program. *Id.* at 6. The second report does not identify the nine areas, but only says that the negotiating teams "have agreed in principle on the elements." *Id.*

4

Finally, the second report mentions a tentatively negotiated Supplemental Environmental Project. *Id.* at 10. Negotiating parties plan to finalize language prior to or at their next face-to-face meeting, planned for January 14-15, 2019. *Id.*

In the second joint report, the EPA, State, and City anticipate that during the next forty-five days, they can reach or come close to reaching a proposed final settlement (*id.* at 11), but they stop short of committing to completion or a final proposal by a particular date. The next joint status report is not due until February 2019, which will be nearly seven months since Bayou City Waterkeeper sent its notice letter, and nearly five months since the original complaint was filed.

## II. Request for a Status Conference

In its September 24, 2018 order granting a stay in these proceedings, the Court ordered: "any party, upon advance written notice to the parties and for good cause shown, may request a status conference or that the matter be returned to the active litigation docket."

### A. Plaintiff-intervenor Bayou City Waterkeeper gave the other parties written notice of this request for a status conference.

On December 20, 2018, Bayou City Waterkeeper, in a request to include certain language in the second joint status report, alerted the EPA, State, and City of its intent to request at the end of the year a status conference in early 2019, and on December 27, 2018, Bayou City Waterkeeper gave the EPA, State, and the City written notice of its intent to request a status conference. **Exhibit 4.** The City opposes a status conference at this time. Because of the partial government shutdown and holiday vacation schedules, Bayou City Waterkeeper has not been able to reach the EPA or State to confer.

### B. Good cause supports scheduling a status conference

Good cause for a status conference exists. The parties' initial motion to stay proceedings pending settlement negotiations anticipated an approximate 90-day stay. (ECF Doc. 2 at 1). It has

now been more than 90 days. Bayou City Waterkeeper was not a party when the unopposed motion to stay was entered by the Court. Bayou City Waterkeeper has since been admitted as a plaintiff-intervenor, which means Bayou City Waterkeeper should be treated as if it were an original party and has equal standing with the original parties. *Marcaida v. Rascoe*, 569 F.2d 828, 831 (5th Cir. 1978); 7C Wright & Miller, *Federal Practice and Procedure* § 1920 (3d ed.). And while the stay was meant to help facilitate settlement, Bayou City Waterkeeper has been denied access to any of the settlement terms or discussions, even under an offer of confidentiality.

Bayou City Waterkeeper requests the status conference to discuss the duration of the stay, given the content of the negotiating parties' joint status reports and the progress made to date. The latest joint status report does not commit to a winding up of negotiations by any particular date and, thus after more than 90 days, the stay remains indefinite.

Bayou City Waterkeeper also requests the status conference to discuss the nature of the stay, specifically whether allowing limited discovery would be appropriate, in light of the Bayou City Waterkeeper's intervention and the parties' refusal to allow Bayou City Waterkeeper to participate to any degree in settlement meetings. Additionally, Bayou City Waterkeeper requests the status conference to discuss the terms of consolidation, should the Court consolidate the cases. For example, whether the Court would order Bayou City Waterkeeper be included in settlement discussions with all other parties as a condition of staying proceedings in the citizen suit. Even if the Court does not grant Bayou City Waterkeeper's request for consolidation, coordinating proceedings with Bayou City Waterkeeper's pending citizen suit and the upcoming deadlines imposed under that action, would be in furtherance of judicial economy and would help facilitate settlement of these disputes.

III.     Conclusion

For the reasons explained above, Bayou City Waterkeeper respectfully requests the Court schedule a status conference in early January 2019 or at its earliest convenience.

Date: December 31, 2018.

    By:  */s/ David Frederick*
David Frederick
Attorney-in-charge
Texas Bar No. 07412300
Eric Allmon, of counsel
Texas Bar No. 24031819
Lauren Ice, of counsel
Texas Bar No. 24092560
Frederick, Perales, Allmon & Rockwell, P.C.
1206 San Antonio St.
Austin, Texas 78701
Tel: (512) 469-6000
Fax: (512) 482-9346
dof@lf-lawfirm.com
eallmon@lf-lawfirm.com
lauren@lf-lawfirm.com
*Attorneys for Bayou City Waterkeeper*

Kristen Schlemmer, of counsel
Texas Bar No. 24075029
S.D. Tex. Bar No. 2078411
Bayou City Waterkeeper
2010 N. Loop West, Suite 275
Houston, TX 77018
Tel: (281) 901-0182
kristen@bayoucitywaterkeeper.org
*Attorney for Bayou City Waterkeeper*

## Certificate of Conference

I certify that on December 27, 2018, I emailed the written notice to counsel for the parties in this matter. I conferred again with parties on December 28, 2018 and December 31, 2018.

The defendant City of Houston opposes Bayou City Waterkeeper's request for a status conference.

I was able to confirm with DOJ, that because of the partial government shutdown and holiday vacation schedules, the EPA and State were unable to provide a response at this time to Bayou City Waterkeeper's request for a status conference.

>*/s/ Lauren Ice*
>Lauren Ice
>*Attorney for Bayou City Waterkeeper*

## Certificate of Service

I certify that on December 31, 2018, I electronically filed this document and all attachments using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record, and on the following counsel via U.S. mail and email.

>Debra T. Baker
>Baker Wotring LLP
>700 JPMorgan Chase Tower
>600 Travis Street
>Houston, TX 77002
>DBaker@bakerwotring.com

>*/s/ David Frederick*
>David Frederick
>*Attorney for Bayou City Waterkeeper*