IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF TEXAS, <br> Plaintiffs, <br> and <br> BAYOU CITY WATERKEEPER, <br> Plaintiff-Intervenor, <br> v. <br> CITY OF HOUSTON, <br> Defendant. | CIVIL ACTION NO. 4:18-CV-3368 <br> JUDGE EWING WERLEIN, JR. |

<u>Reply in Support of Bayou City Waterkeeper's Opposed Motion to Consolidate</u>

Bayou City Waterkeeper files this reply in support of its motion to consolidate. (*See* ECF No. 22). The plaintiffs United States of America and State of Texas concede that the government enforcement action and Bayou City Waterkeeper citizen suit involve common questions of law and fact, and thus, the court has broad discretion to consolidate the cases. (ECF No. 26 at 6, 8). The United States' and the State's arguments against consolidation are based primarily on the possibility that settlement negotiations may eventually make consolidation unnecessary. (*Id.* at 8-9). Similarly, the City does not argue that the motions to dismiss Bayou City Waterkeeper's citizen suit or ongoing settlement discussions preclude consolidation, only that both have the potential, if granted or entered by this Court or Judge Hanen, to eventually moot consolidation. (ECF No. 24 at 3). Reaching the other parties' conclusions, requires the Court to assume these events will occur, which is prejudicial to Bayou City Waterkeeper, because it assumes any settlement will moot their claims or that Judge Hanen will dismiss the citizen suit. However, considering the cases as they currently stand would not prejudice any party and would further judicial efficiency. For this reason, the Court should grant Bayou City Waterkeeper's motion to consolidate.

1

The other parties argue that dismissal of Bayou City Waterkeeper's citizen suit or settlement of this lawsuit would moot Bayou City Waterkeeper's consolidation motion. Both of these arguments rely on a certain chain of events that have not taken place or issues that are not relevant to the inquiry before the Court. For example, a consent decree would still require, at a minimum, that negotiating parties agree to final proposed language, which is then subject to review and approval by Houston's mayor and city council and the appropriate officials of the United States and State, then submitted for 30-day notice and comment, and finally, approved by the Court. *See* 28 C.F.R. § 50.7; Texas Water Code § 7.110; *see also* ECF No. 19 at 5. Only then, would the Court be able to determine whether the consent decree also moots Bayou City Waterkeeper's claims. Not only has this series of events yet to occur, the process may still take several months to complete, even under the most optimistic of timelines.

Furthermore, in insisting that the ongoing settlement negotiations will eventually moot the motion to consolidate, the other parties sidestep an important point: consolidating the cases *will not have any effect on the settlement negotiations*, which can continue absent a different decision by the Court. Therefore, there is no risk of prejudice or confusion to the other parties currently negotiating settlement.

Similarly, the City attempts to litigate issues here that are not before the Court, and are irrelevant to the Court's inquiry on Bayou City Waterkeeper's motion to consolidate. Bayou City Waterkeeper's motion does not ask the court to simultaneously rule on the pending motions to dismiss or consider diligent prosecution arguments, lift the stay, interrupt or alter settlement negotiations, or to rule on attorneys' fees. (*See* ECF No. 24 at 9-14).[1] And contrary to the City's

---

[1] Bayou City Waterkeeper did not brief the issues related to the motion to dismiss and diligent prosecution, lifting the stay, or attorneys' fees to this Court, and reserves and requests the right to do so at the appropriate time.

accusations, Bayou City Waterkeeper maintains that it does not want to interrupt settlement negotiations; rather, it wants to participate in negotiations to ensure that all relevant and accurate data and information is being considered in crafting a proposed agreement, and that the significant financial commitments anticipated from the City, pursuant to a consent decree, will result in compliance and accountability.[2]

These arguments against consolidation are speculative and fail to acknowledge the Court's broad discretion in coordinating and managing its docket. The City's motions to dismiss Bayou City Waterkeeper's citizen suit are still pending. Because both cases are in the very early stages of litigation, whereby no discovery has occurred and neither Court has expended significant judicial resources, it would not be unreasonable for one Court to become familiar with the complex set of facts and the intertwined legal issues that connect these two cases related to "one the largest and most complicated wastewater systems in the nation." (ECF No. 24 at 1).

Tellingly, none of the cases cited by the EPA and State offer any compelling basis for denying Bayou City Waterkeeper's motion to consolidate. For example, the EPA and State rely heavily on *Wellogix, Inc. v. Accenture, LLP*, No. 3:08–cv–119, 2010 WL 11469762 (S.D. Tex. December 20, 2010), to suggest that courts have denied consolidation motions when cases are at different stages of development. But the facts in *Wellogix* support Bayou City Waterkeeper's assertion that the two cases here are not at "markedly different procedural postures." In *Wellogix*, the Court found no common legal questions and found the factual similarities were minimal. *Id.* at *2-3. Even with uncertainty surrounding the threshold issue, the Court analyzed the stage of the proceedings and found that the close of the discovery period was imminent in the earlier-filed case,

---

[2] City Waterkeeper has demonstrated that it does not intent to interrupt settlement negotiations, by allowing negotiations to continue without attempting to lift the stay. (*See* ECF No. 18 at 2)(clarifying in its reply in support of its motion to intervene that Bayou City Waterkeeper was not asking the Court to lift the stay).

while the defendant in later-filed case had only just filed an answer. *Id.* at *3. Although the Court did heavily consider the stage of proceedings in denying consolidation, the Court's rationale was that consolidation would result in the unnecessary delay of the earlier-filed case in order to accommodate appropriate discovery and pre-trial matters in the later-filed case. *Id.* Here, discovery has not begun in either case, no trial dates have been set, and importantly, consolidating the cases will not delay settlement negotiations, should the Court continue to stay proceedings. In fact, it would provide for efficient coordination between the two cases.

The EPA and State also cite *United States v. Vasi, Nos. 5:90-1167 & 5:90-1168, 1991 WL 557609, (N.D. Ohio Mar.6, 1991)* and *Margolis v. Hydroxatone, LLC, No. 11-4355, 2013 WL 875987 (D.N.J. Mar. 6, 2013)* to try and show the cases in Bayou City Waterkeeper's motion to consolidate are at different stages of development. Again, *Vasi* and *Margolis* are factually distinct and not persuasive. In *Vasi*, a potentially responsible party ("PRP") Beazer East Inc. filed together a motion to intervene in a CERCLA action[3] and a motion to consolidate the case. *Vasi, 1991 WL 557609,* at *1. Beazer East did not seek to intervene or consolidate the cases until the other parties had reached agreed language, the notice and comment period had been completed, and the consent decree was ready to be filed with the Court. *Id.* at *2.

Similarly, *Margolis* involved two class actions whereby the second action was filed only days after Margolis filed the earlier action. *Margolis, 2013 WL 875987,* at *1. However, Margolis acknowledged the two cases did not share common questions of law or fact when they were initially filed. *Id.* at *3. Both cases proceeded through discovery and on for nearly one and

---

[3] Intervention in CERCLA actions are unique from intervention in, for example, Clean Water Act suits, because under CERCLA, a PRP may seek contribution from other PRPs; however, a party that settles with the government in a consent decree may be protected from claims of contribution by other PRPs, meaning a non-settling PRP's total liability can be impacted directly by a consent decree. *See* CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2).

a half years, before Margolis moved to consolidate. *Id.* The *Margolis* Court concluded that consolidation was unwarranted where the parties had already moved for preliminary approval of a negotiated settlement *and* the consolidation would effectively delay the Court's ultimate consideration of the settlement. *Id.* The Court also concluded consolidation would not save judicial resources and efficiency, since after a year and a half, such duplication of judicial resources has already occurred. *Id.* at *4.

Here, Bayou City Waterkeeper is already a party, and although not included in settlement discussions, the latest joint status report indicates that the negotiating parties have not yet reached agreed language, have not begun the notice and comment period, and are not ready to lodge a consent decree. A proposed consent decree could take many months, if one is reached at all, and it is unknown whether that settlement will moot Bayou City Waterkeeper's claims. Consolidation is appropriate because it would avoid the two actions proceeding separately through discovery or settlement and duplicating judicial resources. Because consolidation will not delay settlement or otherwise prejudice the parties—in fact, consolidating will aid in settlement by *all* parties—the Court should grant Bayou City Waterkeeper's motion.

Date: January 4, 2019

                    By: */s/ David Frederick*
                    David Frederick
                    Attorney-in-charge
                    Texas Bar No. 07412300
                    Eric Allmon, of counsel
                    Texas Bar No. 24031819
                    Lauren Ice, of counsel
                    Texas Bar No. 24092560
                    Frederick, Perales, Allmon & Rockwell, P.C.
                    1206 San Antonio St.
                    Austin, Texas 78701
                    Tel: (512) 469-6000
                    Fax: (512) 482-9346
                    dof@lf-lawfirm.com

eallmon@lf-lawfirm.com
lauren@lf-lawfirm.com
*Attorneys for Bayou City Waterkeeper*

Kristen Schlemmer, of counsel
Texas Bar No. 24075029
S.D. Tex. Bar No. 2078411
Bayou City Waterkeeper
2010 N. Loop West, Suite 275
Houston, TX 77018
Tel: (281) 901-0182
kristen@bayoucitywaterkeeper.org
*Attorney for Bayou City Waterkeeper*

Certificate of Service

I certify that on January 4, 2019, I electronically filed this Reply in Support of Bayou City Waterkeeper's Opposed Motion to Consolidate using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ David Frederick*
David Frederick
*Attorney for Bayou City Waterkeeper*